Filed March 18 1892.

---

No. 459.

### Case et al. *v.* Ellis.

PARTNERSHIP.—*Retiring and Succeeding Members. — Agreement to Assume Liabilities of Old Firm.*—Where one member of a partnership borrowed money for the use of the partnership, executing therefor his individual note, but said note was entered upon the books of the firm as payable by them, and the partnership was changed from time to time, and there was an understanding between the out-going and in-coming members, as each successive new partnership was formed, that the new partnership should assume and pay all debts and liabilities of the old firm, there being no fraud or mistake, the contract between the retiring and succeeding members, in assuming such obligation, was based upon a valid consideration, and enforceable by the party in whose favor it was made.

SPECIAL VERDICT.—*Form of Should not be Drafted by the Court.—Prepared by Counsel.*—Where, at the commencement of a trial, the court was requested by counsel to require a special verdict to be returned by the jury, and counsel prepared a form of special verdict and requested the court to submit it to the jury, and the court refused to do so, on the ground that it was the province and duty of the court to prepare and submit to the jury the special verdict, such action of the court constitutes reversible error. The special verdict as drafted by counsel should have been submitted to the jury.

From the Elkhart Circuit Court.

*C. W. Miller*, for appellants.

*J. H. Baker* and *F. E. Baker*, for appellee.

NEW, J.—This was an action by the appellee against the appellants to recover the amount, with attorney's fees, represented by a promissory note executed on the 22d of February, 1887, by George A. Burnham and the appellant, Caroline S. Peck, to the appellee, with eight per cent. interest from date until paid, without relief from valuation or appraisement laws, and with attorney's fees.

For the purpose of showing the liability of the appellants, Case, Foster and Jackson, it is alleged in the complaint that, at the time of the execution of said note, George A. Burnham and Lewis F. Case were partners, engaged in manufacturing carriages and road carts; that said Burnham borrowed from the appellee for the use and benefit of said partnership $200, and executed to him therefor said note, with Caroline S. Peck as his security; that said Burnham died in December, 1887, and that Mary E. Burnham, one of his heirs, became the owner of his interest in said partnership; that in January, 1888, said Lewis F. Case and Mary E. Burnham formed an equal partnership, under the name of Burnham and Case, for the purpose of carrying on said business; that, shortly afterwards, said firm purchased a book of bills receivable, and entered therein the notes and bills due and owing by said last named firm, the payment of which they had assumed,

and among which was the note in suit; that said firm thereafter paid interest on said note for three years; that in March, 1888, said Mary E. Burnham and Lewis F. Case sold to the appellant Foster an undivided one-third interest in said partnership, with the agreement that the firm thus formed of Burnham, Case and Foster should assume and pay all the debts and liabilities of the firm of Burnham and Case, including the note in suit; that in June, 1890, the appellant Jackson purchased the entire interest of said Mary E. Burnham in the firm last named, and the new firm of Case, Foster and Jackson, thus formed, assumed the payment of all the debts and liabilities of the firm which preceded it, including the note in suit.

A demurrer by the appellants, Case, Foster and Jackson, to the complaint was overruled, and exception saved. The same appellants filed a joint answer of two paragraphs to the complaint, the first being a general denial. The second paragraph is a special denial, with some additional allegations, and to this a demurrer was sustained and exception saved. There was a default as to Caroline E. Peck.

The appellants, Case, Foster and Jackson, filed a cross-complaint against the appellee, which the latter answered by a general denial. It does not appear from the record that the cross-complaint was considered upon the trial.

There was a trial by jury and a special verdict returned, upon which the court rendered judgment for the appellee, over a motion for a new trial by the appellants, Case, Foster and Jackson, in the sum of $316.80.

Numerous errors have been assigned. Those discussed are founded upon the overruling of the demurrer to the complaint, the overruling of a motion for a *venire de novo*, and the overruling of a motion for a new trial.

The demurrer to the complaint was properly overruled.

It is true that if a partner borrows a sum of money, and gives his own note for it, the partnership will not become liable therefor, although the money may be made use of in

the partnership, for it is entirely competent for one partner to borrow money on his own sole and exclusive credit with third persons.

It is alleged, however, in the complaint as a fact that the money sued for was borrowed "for the use and benefit of" the original firm, which was composed of George A. Burnham and Lewis F. Case, the former being the person who borrowed the money from the appellee and executed his note therefor, with Caroline S. Peck as his security.

The demurrer admits that the money was borrowed for the use of the firm, and, although as we have said, that fact would not make the appellee a creditor of the firm, the money having been loaned on the credit of the borrower alone, still, if the money was borrowed for the use of the firm, that fact might be of importance between the partners themselves.

In each change in the persons composing the partnership thereafter, it was a stipulation and part of the consideration entering into the change that the firm, as newly constituted, should assume and pay all the debts and liabilities of the firm as it had been, including the note in suit. That note had been entered upon the books of the firm of Burnham & Case as payable by them. It was certainly competent for the persons composing the several successive partnerships, to determine among themselves for reasons of their own, what debts they ought to pay and would undertake to pay. There can be no presumption, when the payment of the note in suit was made a condition and consideration, upon the retiring from the partnership of certain persons, and the coming in by purchase of others, that such stipulation or provision was founded in mistake or fraud. The agreement in this respect was not alone between those constituting the firm as newly formed from time to time. The outgoing members were also parties to that agreement, and interested in its faithful execution. Mary E. Burnham was an heir of George A. Burnham, the party, who executed the

note, and was interested, therefore, not alone as an outgoing member, in having the note paid. *Vanness* v. *Dubois*, 64 Ind. 338.

In this way, based upon what the parties regarded, and had the right to treat, as a sufficient consideration, arose an assumption and promise to pay the note held by the appellee. It is well settled that a promise upon a good consideration, made for the benefit of a third party, may be taken advantage of and enforced by such third party in his own name. *Carnahan* v. *Tousey*, 93 Ind. 561; *Harrison* v. *Wright*, 100 Ind. 515; *Waterman* v. *Morgan*, 114 Ind. 237.

There was no error in overruling the motion for a *venire de novo*. The verdict is not defective in form. *Hamilton* v. *Byram*, 122 Ind. 283; *Dockerty* v. *Hutson*, 125 Ind. 102; *Horton* v. *Hastings*, 128 Ind. 103.

The appellants, at the commencement of the trial, requested the court to require a special verdict to be returned by the jury, and presented to the court, to be submitted to the jury, a form of special verdict prepared by counsel for the appellants. This the court refused to do on the ground that it was the province and duty of the court, to prepare and submit to the jury the special verdict. No other reason is disclosed by this record for the refusal. It does not appear whether the special verdict returned by the jury was prepared by the court or returned by the jury in their own discretion. This ruling of the court is one of the grounds assigned for a new trial.

It is provided by section 546 of the code that, " In all actions, the jury, unless otherwise directed by the court, may, in their discretion, render a general or special verdict ; but the court shall, at the request of either party, direct them to give a special verdict in writing upon all or any of the issues," etc.

The preparation by counsel of form of special verdict, to be submitted by the court under this section, has the repeated sanction of the Supreme Court of this State.

In *Pittsburgh, etc., R. W. Co.* v. *Ruby,* 38 Ind. 294, it was said : " We think that it is the duty of the court, whenever a special verdict is demanded, to give to each of the parties the privilege and time required to prepare with care the draft of a special verdict."

In the same case it is further said : " The court should not be required to prepare a special verdict, for many reasons. In the first place, the opinion of the court as to what had been proved would have undue influence with the jury. In the next place, the court is required to pass upon the form and sufficiency of the special verdict. And in the third place, after the verdict has been returned the court is frequently required to pass upon motions for *venire de novo,* new trial, and in arrest of judgment.; and this can not be fairly and satisfactorily done, if the judge has been required to prepare a draft of what he believed had been proved on the trial."

This case was cited with approval in *Hopkins* v. *Stanley,* 43 Ind. 553, where it was said : " To enable the jury in such case to discharge their duty understandingly, it is the right of each party to draw up, in proper form, a statement of such facts as he conceives the evidence establishes, to be submitted to the jury."

In *Louisville, etc., R. W. Co.* v. *Flanagan,* 113 Ind. 488, the preparation of forms of special verdict by counsel is commended.

In *Lake Shore, etc., R. W. Co.* v. *Stupak,* 123 Ind. 210, it is said by the court : " When the jury is instructed by the court to return a special verdict in a cause, we think either party, under the supervision of the court, has the right to submit to the jury a draft of a special verdict embracing the facts in the cause which he believes the evidence tends to prove." Buskirk Practice, pp. 210, 211; see, also, 1 Works Practice, section 852.

We are in full accord with these expressions from the Supreme Court. When it is considered how much inclined

a jury might be to adopt the facts indicated by the court as proven, there would be great danger that special verdicts returned upon forms prepared by the court would, in many cases, be not the verdict of the jury alone, but the combined finding, practically, of the court and jury.

The motion for a new trial should have been sustained.

Other questions growing out of the motion for a new trial are discussed, but inasmuch as they may not again arise, we pass them by.

The judgment is reversed, with costs, as to the appellants Case, Foster and Jackson, and affirmed as to Caroline S. Peck, with costs.

Filed March 17, 1892.