GENDLER *v.* THE CLEVELAND RAILWAY CO.

*Special verdicts—Section 11462, General Code—Separate issues of fact to be submitted to jury—Proper form for submitting issues—Charge to jury when special verdict requested—Legal principles not to be included.*

1. When a special verdict is demanded under Section 11462, General Code, it is the duty of the trial court to cause each separate issue of fact to be submitted to the jury.

2. The trial court is vested with discretion as to the form of special verdicts, but the better practice is to avoid the narrative form and to submit each material issue by a question admitting of an affirmative or negative answer, each such question calling for a finding of an ultimate fact.

3. Where a special verdict is demanded it is the duty of the trial judge in his instructions to define the issues, the burden of proof on the several issues, the rules for weighing the evidence, and any other matters necessary for the jury to pass on the issues submitted, but it is improper to instruct the jury upon the general legal principles relating to the controversy. These legal principles are held in reserve to be applied by the judge to the special verdict when returned.

(Decided January 25, 1924.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. Warren M. Briggs* and *Mr. Alfred L. Steuer,* for plaintiff in error. '

*Messrs. Squire, Sanders & Dempsey* and *Mr. Roy C. Green,* for defendant in error.

MAUCK, J. This is a proceeding in error to reverse a judgment recovered by the defendant upon a special verdict rendered in a personal injury case. In the trial court Gendler, the plaintiff, pleaded that he was crossing Kinsman avenue, in Cleveland, from north to south, near the intersection of that avenue and East 55th street, when he was struck by the defendant's car, and that the defendant was guilty of negligence in certain particulars, the gist of which was that the car was standing still and plaintiff and others were being permitted to pass in front of the car, when, without any gong being sounded or other warning given, the car was started, and plaintiff was thereupon run into by the car, either because the car was not under proper control or because the motorman was not exercising ordinary care in starting the car when he saw or should have seen the plaintiff.

The defendant admitted the collision of its car with plaintiff, and otherwise denied the averments of the petition.

Trial was had and testimony adduced, including that of the plaintiff, tending to establish the allegations of the petition. The defendant demanded a special verdict upon all the issues in the case, and thereafter counsel presented to the court a form of verdict, in narrative style, embodying what the respective counsel deemed to have been proven in the case.

The rule is well settled that a special verdict is sufficient to support a judgment only when it embodies facts, which, read in connection with the pleadings, necessarily result in a judgment when the pertinent law is applied thereto by the presiding judge, and resort cannot be had to the testimony, even though uncontradicted, for facts wherewith to supplement such special verdict. 27 Ruling Case Law, 875, 876; *Hambleton* v. *Dempsey & Co.,* 20 Ohio, 168, 172. The form of verdict submitted by the plaintiff in this case was inadequate, and would not have warranted a judgment if it had been found true by the jury. That is to say, the submission was such that the plaintiff never had a chance. The pleadings and facts might have warranted a judgment in his favor, but the jury never had an opportunity to return a verdict so responsive to the pleadings as to require a judgment for him except in the improbable event of the jury making a special verdict of its own. The verdict returned by the jury was the narrative submitted by the defendant, and found that "plaintiff Benjamin Gendler came in contact with a car of the defendant and thereby received the following injuries [describing them]. We find that the car of the defendant company which came into collision with said plaintiff was being operated in an easterly direction, and at the time of the collision was running at a speed anywhere from ten to twenty miles per hour; that said street car had made no stop after leaving the westerly side of the intersection of 55th Street and Woodland avenue until after the collision occurred. We find the plaintiff came in contact with the left front corner of the car and was thrown backwards

against the wheel of a standing truck. We find that the plaintiff had alighted from a standing west bound Kinsman Avenue car and had . crossed behind said car for the purpose of boarding a north bound 55th Street car.''

The defendant claims that the jury's finding the foregoing to be true was equivalent to a finding that the plaintiff's petition was untrue; and this claim seems to be sound, inasmuch as the petition charges that the plaintiff walked in front of a car that was standing still, while the verdict quoted finds that he came in contact with a moving car.

The trial court submitted to the jury the exact narratives prepared by the parties. The narrative form of verdict may be usefully employed, perhaps, if a single issue is before the jury, but not where there are several alternative issues, proof of any one of which may determine the judgment. Suppose a defendant employer pleads. a general denial, contributory negligence and assumption of risk. He would need not only to submit a special verdict, covering the three defenses, but enough others to cover all possible combinations of the three. So with the plaintiff, pleading numerous specifications of negligence. Moreover, the narrative form is likely to be unfair when but a single question is at issue. The party upon whom the burden of proof rests must submit a narrative which finds the disputed facts to be proven. The other party, whose position is wholly negative, is content to submit a narrative which embodies only undisputed facts and ignores all those facts around which the controversy has raged. It is quite natural that an unprejudiced, disinterested jury under such circumstances should

pursue the line of least resistance and subscribe to the verdict reciting nothing but undisputed facts, upon which all could at once agree, rather than consider the probabilities of the truth of the other form upon which many or all of them might entertain some doubts. *Gale* v. *Priddy,* 66 Ohio St., 400, and *Cleveland & Southwestern Traction Co.* v. *Garnett,* 18 C. C. (N. S.), 215, are sometimes referred to as requiring the submission of the narrative form, the latter case being misconstrued to that effect in the recent annotations to the Ohio General Code. In that case a form of verdict by means of questions was denied, but it does not appear that this denial was because the verdict was not in narrative form. Indeed, the court in that opinion points out the unfitness of a narrative verdict in a case of complex issues. In *Gale* v. *Priddy* the party demanding a special verdict submitted a series of questions, but the court held that these questions did not go to the "issues" and that they therefore indicated a purpose to have a special finding upon particular questions of fact as provided in Section 11463, rather than a special verdict as provided in Section 11462, and that the demandant had not invoked the provisions of Section 11463 in the required form. In that case the rule in 22 Ency. of Pleading and Practice, 993, was expressly approved. That rule does not touch the form of the verdict. It reads:

"The most approved practice is for the counsel for both parties to prepare the forms of special verdict which they respectively believe to be justified under the pleadings and evidence, and submit them to the trial court. The forms are then,

if approved, sent to the jury under proper instructions.''

This rule goes no further than indicating the duty of counsel to see that the special verdicts are in form sufficient to develop a decision upon every point which respective counsel deem to be in issue. The better form, we think, in most cases, and in all cases where complex issues are present, is that suggested by an editor of the Lawyers' Reports series:

''The better method is for each material issue to be covered singly and independently by a question admitting of an answer in the affirmative or negative and an answer thereto, each question calling for a finding of a single ultimate fact.'' 24 L. R. A. (N. S.), 78.

An Indiana line of authorities cited and followed in *Case* v. *Ellis*, 4 Ind. App., 224, indicates that in that state the trial court has no duty to perform in preparing special verdicts. Under the practice prevailing in Ohio such cannot be said to be the rule. In this state, in jury trials, the judge is required to define the issues in controversy and submit those issues to the determination of the jury, and such definition is necessary in order to reach a verdict that will stand. *B. & O. Rd. Co.* v. *Lockwood*, 72 Ohio St., 586. It would be a vain thing to require the issues to be defined to the jury and then afford the jury no adequate means of responding to those issues. Courts in this state find it necessary to exercise care in the form of general verdicts to be returned in cases involving cross-actions, replevin, and other actions of some complication, and always supply the jury with appropriate blank forms on which to make

their findings. This practice was adverted to and recognized in *Rheinheimer* v. *Aetna Life Ins. Co.*, 77 Ohio St., 360, 385. It would seem clear that, if good practice requires the court to submit sufficient forms to secure an adequate general verdict, *a fortiori* it should closely supervise the submission of the much more intricate form of special verdict. In the *Rheinheimer case* the defendant demanded a special verdict on all the issues. Counsel were invited to prepare special verdicts fitting the case from their respective viewpoints. The plaintiff complied with a narrative form of verdict. Counsel for the defendant, though demanding a special verdict, refused to prepare or assist in preparing one, but contented themselves with objecting to the one prepared by the plaintiff. The trial judge, likely with some proper indignation over the contumacious attitude of defendant's counsel, submitted the narrative prepared by the plaintiff as a form "to guide you in so far as the issues are concerned from the standpoint of the plaintiff." The jury accepted the narrative, not only as guide, but adopted it *in toto* as a special verdict. The Supreme Court described it as an "unusual course of practice," but sustained a judgment for the plaintiff, pointing out that the way had been open for another form of verdict had counsel for defendant availed themselves of it. It is to be observed that the special verdict in that case, while in the narrative form, covered every issue necessary for plaintiff's recovery.

From the foregoing it may be concluded that the trial court has the duty of seeing that all the issues are submitted to the jury; that the better form thereof is through questions to be answered

by the jury, but that the trial court is invested with a reasonable discretion as to the form which the verdict shall take; and that a verdict with a finding in favor of one party sufficient to support a judgment for such party will be sustained even though the losing party has failed to have a verdict prepared for the jury sufficient to sustain a judgment even if agreed to.

The verdict in this case shows that the facts on which the plaintiff relied for recovery were not proven, and the defendant was accordingly entitled to judgment unless the verdict itself were set aside or the pleadings changed. The plaintiff sought below to amend his petition after verdict, and proposed to make the pleadings correspond to the findings of the jury and to build up a new case on a new theory of negligence, and now complains that he was not permitted to do so. Such an amendment would have required the plaintiff to have verified a new pleading alleging that the car had been constantly and rapidly and negligently in motion just prior to the action. The plaintiff's testimony had been just the contrary. Not only his other witnesses, but he, himself, on direct examination, testified that the car was standing still when he passed in front of it. He firmly adhered to this under rigid cross-examination. To plead otherwise now is to plead his own infamy. The trial court was eminently right in denying him this opportunity.

This brings us to the charge of the court. The instructions to the jury were both inadequate and incorrect. The trial judge did not submit the issues of fact to the jury, but charged the jury gen-

erally upon the law of negligence. Of the issues in the case the court said only this:

"In this action the plaintiff, Benjamin Gendler, alleges that the defendant, The Cleveland Railway Company, owed to him the legal duty to use ordinary care in operating its street car, and that the defendant failed in the performance of this legal duty, and that in consequence thereof he suffered a pecuniary loss, for which this action is brought. These are the pleadings, the petition and answer. * * * Out of the pleadings arise the issues of fact between the parties. An issue in a case means that which is claimed on one side and denied on the other, and the truth of which must be determined by the jury in the light of the evidence in the case. Special verdicts in writing have been requested by both plaintiff and defendant, and will be submitted to you."

The court then read the two proposed narrative verdicts, and followed with a proper instruction on the burden of proof and wholly unnecessary definitions of negligence, contributory negligence, etc. The jury must have understood that it could not have returned the plaintiff's narrative verdict unless it found the defendant negligent, and the plaintiff free from contributory negligence. Thus the charge proceeded with sound propositions of abstract law pertinent and necessary for a return of a general verdict, but wholly unnecessary and confusing, and therefore improper for a jury charged with the duty of returning a special verdict. Finally of the special verdicts it was said:

"The plaintiff and defendant in this case, ladies and gentlemen, have prepared special verdicts, each upon their theory of the case, upon which

you may find if you see fit to so find. You are not bound to find any of the facts, or to find any of the findings that are shown in these special verdicts which will be submitted to you. As to every statement in them you are at liberty to find differently; you are at liberty to disregard these papers altogether, and it is your duty to disregard them if you cannot concur in their findings, and prepare one of your own entirely different from these."

The instructions are thus described at length in order that the two-fold error therein may be made apparent. First, it was erroneous in failing to define the issues at all. This omission would vitiate even a general verdict (*Rd. Co.* v. *Lockwood, supra*), and, of course, it is even more important where a special verdict is required that the issues be clearly and fully outlined. Second, it was erroneous in including a discussion of legal principles. In rendering a special verdict the jury only concerns itself with facts. The law is subsequently applied by the court.

"Where a special verdict is requested no instructions are proper, except such as are necessary to inform the jury as to the issues made by the pleadings, the rules for weighing and reconciling the testimony, and who has the burden of proof as to the facts to be found, with whatever else may be necessary to enable the jury clearly to understand their duties concerning such special verdict and the facts to be found therein." *Udell* v. *Citizens Street Rd. Co.,* 152 Ind., 507, 71 Am. St., 336, 52 N. E., 799.

See also editorial note 24 L. R. A. (N. S.), 62, 27 Ruling Case Law, 874.

The instructions in the instant case were such that the jury might well have concluded that they were inhibited from returning the narrative submitted by the plaintiff unless they found that such narrative also made a case for recovery under the law of negligence and contributory negligence, as defined by the court.

Both for what they included and did not include the instructions were prejudicially erroneous.

The verdict is set aside, the judgment is reversed, and the cause remanded for further proceedings.

*Judgment reversed, and cause remanded.*

MIDDLETON, P. J., and SAYRE, J., concur.

Judges of the Fourth Appellate District, sitting in place of Judges VICKERY, SULLIVAN and LEVINE, of the Eighth Appellate District.