Matthias, J.
 

 It is to be observed that the jury-in the special verdict found that at the time and place in question the defendant was operating its train at a speed of more than 8 miles an hour, and that the engineer thereof could have seen the plaintiff’s decedent when the train was 800 feet distant from him, but did not see him; that no whistle was sounded as the train approached the depot; that Lupe was not careless; and that the proximate cause of his death was the speed of the train, the failure to whistle, and failure of the engineer to see Lupe. The further finding is that in being where he was at the time of the accident Lupe was a licensee. The necessary conclusion from these findings therefore is that the defendant was negligent in the particulars charged, and that Lupe was not negligent, and that the proximate cause of his death was such negligent acts of the defendant, and yet immediately upon return of the verdict the trial court rendered^ judgment for the defendant. The question arises, therefore, whether the fact that the jury found that at the time of his injury Lupe’s relation and status was that of a licensee required or warranted a judgment for the defendant. And the further question is presented as to whether the trial court by correct, instructions submitted to the jury the issue as to the status of the decedent.
 

 Undoubtedly, where the evidence is such as. to warrant, it is the duty of the trial court to submit
 
 *676
 
 to the jury the question as to whether the person injured on the premises of another by the claimed negligence of the owner thereof was at the time of such injury on the premises either at the express or implied invitation of the defendant, or whether he was a trespasser, or a mere licensee. 29 Cyc. 638.
 

 The trial court, in evident recognition of the propriety, if not the duty, of submitting such question to the jury in this case, gave somewhat detailed instructions, wherein he defined trespasser, licensee, and invitee, but in the end practically found, and so advised the jury, that the decedent, as well as the police officer, whom he was assisting at the request and direction of the officer, were mere licensees. Under this instruction the jury could not find otherwise than that the decedent was a licensee. While the evidence in the record would probably justify the trial court in saying to the jury that the mere invitation by the baggagemaster on the defendant’s train to the police officer and the decedent to pass through the baggage car on their mission endeavoring to apprehend those who had been molesting defendant’s passengers, disturbing the peace, and possibly endangering defendant’s property, could not be construed as an invitation to go elsewhere upon the defendant’s premises, even if the baggagemaster were conceded to have any such authority, yet there was evidence tending to show that the officer, and consequently one deputized as his assistant, were upon the premises by implied invite lion.
 

 Bearing upon the question of the status of the decedent, plaintiff’s counsel had made a special
 
 *677
 
 request for instruction to the jury in accordance with the rule stated in 33 Cyc., 756, as follows:
 

 “A licensee on the railroad’s premises is a person who being neither a passenger, servant, nor trespasser, nor standing in any contractual relation to the company, is expressly or impliedly permitted by the railroad company to come on its premises for his own convenience or gratification. But if his being on the company’s premises is for the company’s interest or benefit, as well as for his own, he is more than a mere licensee, and is upon the premises by the company’s invitation, express dr implied.”
 

 The same principle is stated and quite fully discussed in 3 Elliott on Railroads (3 Ed.), p. 827, Section 1786.
 

 The evidence in the record clearly established the charge of negligence in regard to the speed of defendant’s train, and.that it was far in excess of an ordinance of the municipality, which was introduced in evidence and was uneontradicted. ' Such legal restrictions. enacted for the preservation of life and safety of individuals would certainly accrue to the benefit of one occupying the status which some evidence in the record tended to show was the relation of the police , officer and the decedent to the defendant railroad company at the time of the-injury, and the mere finding that they were licensees would not of itself authorize a judgment for the defendant. Under such circumstances it would seem that there was a duty upon the part of the railroad company to avoid causing injury by active violation of law.' The violation of a statute or ordinance passed in the proper exercise of the
 
 *678
 
 police power, in the interest of public safety, is negligence
 
 per. se. Schell
 
 v.
 
 DuBois, Adm’r.,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710. Certainly the act of a railroad company in violation of law or ordinance, causing injury to a police officer lawfully upon the premises in the discharge of his duty to apprehend persons there disturbing the peace by molesting passengers, or injuring property of the defendant, is actionable negligence, whether such officer be denominated a licensee or invitee, although it be not averred that the act of the defendant was willful or wanton.
 
 Parker
 
 v.
 
 Barnard,
 
 135 Mass., 116, 46 Am. Rep., 450;
 
 Racine
 
 v.
 
 Morris,
 
 136 App. Div., 467, 121 N. Y. Supp., 146, affirmed 201 N. Y., 240, 94 N. E., 864.
 

 While in our opinion it was error for the court to enter judgment for the defendant upon the special verdict, we are also of the opinion that a judgment for the plaintiff upon such special verdict would likewise have been invalid. A special verdict must be of such a nature that nothing remains for the court but to draw from the facts found the proper conclusions of law, and to enter judgment thereon. The general rule applicable is stated in 27 Euling Case Law, 876, as follows:
 

 “There can be no aider of a special verdict by implication or intendment. Such a verdict is supposed to be the complete result of the jury’s deliberation on the whole case, and the judgment thereon must be the logical, legal conclusion from the facts found by the jury, unaided by the evidence or any extrinsic matter. It cannot look beyond the findings of fact contained in the verdict to any other fact, though apparent in the record, or proven
 
 *679
 
 by the evidence. * * * A special verdict must directly, fairly, and fully respond to the material issues in the ease, and should be sufficiently certain to stand as a final decision of the special matters with which it deals. The conclusions of fact must be so presented that nothing remains to the court but to draw conclusions of law from them and enter judgment accordingly.”
 

 Although in the special verdict the jury did find that the train in question was being operated at more than 8 miles an hour at the time and place in question, there was no finding of the existence of any ordinance which was thereby violated, nor was there any finding that Lupe was acting as a deputy police officer. Although such ordinance was offered in evidence, and there was testimony that Lupe was at the time acting as a deputy officer, for the reasons shown above the trial court could not look beyond the special verdict to the evidence disclosed in the record, and base a judgment partially upon a special verdict and partially upon facts extrinsic thereto.
 

 It is claimed by counsel for plaintiff in error that when it is found and determined that the special verdict does not contain a finding of facts such as to warrant a judgment for the plaintiff, it necessarily follows that judgment should be rendered for the defendant.
 

 For the reasons stated above, and for the further reason that where a case is tried upon special issues submitted to the jury the verdict cannot stand unless all the issues made by the pleadings are submitted and determined, such rule can have no application here. Counsel for plaintiff by form
 
 *680
 
 of special verdict tendered suggested the submission of such issues to the jury, but notwithstanding such suggestion the court did not submit to the jury either of the issues suggested, or give them any instruction whatever with reference thereto.
 
 Leach
 
 v.
 
 Church, Admr.,
 
 10 Ohio St., 148; 27 Ruling case Law, 885.
 

 It follows that the judgment of the Court of Appeals reversing the judgment of the common pleas and remanding the ease to that court for further proceeding was right, and such judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Day, Allen, and Conn, JJ., concur.