ARMSTRONG ET AL. *v.* DEVLIN, ADMX.

(Decided June 6, 1929.)

*Mr. W. Y. Mahar,* for plaintiffs in error.

*Messrs. Todd, Tehan & Lorentz,* for defendant in error.

Kunkle, J. Defendant in error, Flora Devlin, administratrix, brought suit against plaintiffs in error and sought to recover a judgment in the sum of $25,000 for the wrongful death of John Devlin.

The case was tried and submitted to a jury, with the result that an unanimous verdict was returned in favor of plaintiff against the defendants, in the sum of $6,500.

Motion for a new trial was filed by each of the defendants below. Such motions were overruled, and error is now prosecuted to this court by Frank P. Armstrong and Andrew W. Kaiser, two of the three defendants below. The defendant Des Combes does not prosecute error to this court.

Counsel for plaintiffs in error in their petition in error assigns various reasons for the reversal of the judgment. We have read the record in this case and have carefully considered the reasons assigned in the brief of counsel for plaintiffs in error. Among other things, counsel for plaintiffs in error insists that the judgment is not supported by the weight of the evidence.

Our reading of the record leads us to the conclusion that this branch of the motion is not well taken. We think the verdict is in harmony with the evidence, and that the same is not against the manifest weight thereof.

Serious objection is made to the charge of the trial court. The charge of the court in this case was evidently framed under the ruling announced in the decision of our Supreme Court in the case of *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94, followed by inference in the case of the *Pennsylvania*

*Rd. Co.* v. *Vitti, Admr.,* 111 Ohio St., 670, 146 N. E., 94.

Counsel for plaintiffs in error claims that the trial court was in error because his charge to the jury does not follow the qualification and modification of the above rule as annnounced in the case of *Heidle* v. *Baldwin,* 118 Ohio St., 375, 161 N. E., 44.

We are of opinion that the decision of the Supreme Court in the case of *Heidle* v. *Baldwin* does not apply to the present case, as the defendant in error does not depend upon the negligence of the driver of either one of said cars for recovery, but relies upon the negligence of the drivers of both of said cars.

The rule announced in the case of *Heidle* v. *Baldwin* would control in an action as between the drivers of these cars.

The fact that the real contest in this case was between the owners of said cars and the plaintiff does not change the rule as announced in *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94, as between the defendant in error and the plaintiffs in error.

In brief, the facts in this case show that John Devlin's death was the result of a negligent act, and it was apparently conceded in the trial in the lower court by each of the defendants that the administratrix of John Devlin's estate was entitled to recover. The responsibility for the death of John Devlin was claimed by each defendant to have been wholly that of the other defendant. Each defendant claimed that he was free from negligence and that the death of John Devlin was due to the negligence of the other defendant. The jury found that the death of John Devlin was due to the negligence of both of the de-

fendants. There is ample testimony to support such finding.

Among other things, if the jury believed the statement of the witness Campbell, found in the record, they would be warranted in reaching this conclusion. Among other things, he testified as follows:

"Q. Did you see the truck-driver, Armstrong? A. Yes.

"Q. Did you say anything to him? A. When I first saw him, he was leaning up against the building; he was awful excited and nervous, and I said to him and Mr. Des Combes, what in the name of God were you fellows doing—you have 300 feet to see each way there, and Mr. Des Combes said, I saw the truck, but I thought he was going to slow up, and the young man said, I thought you were going to slow up. I answered and said, you fellows were using the other fellow's head instead of your own—and that is about all that passed, and we went—Mr. Des Combes went in to call the ambulance."

The witness testifies that the truck was approaching the street intersection at thirty-five miles an hour. It is uncontradicted that each of the drivers had plain view of the other for some three hundred feet. It is also conceded that Mr. Devlin was killed while near the curb by the truck being thrown against him, as the result of the automobile running into the truck.

Various errors are complained of by counsel for plaintiffs in error as to the charge of the court, but, when the charge is read in its entirety, we think it fairly represented this particular case to the jury for its consideration.

Finding no error in the record which we consider prejudicial to plaintiffs in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

ALLREAD and HORNBECK, JJ., concur.