It is contended that the court was in error in submitting the list of questions to the jury, since no general verdict was to be returned; and it is contended further that if properly submitted the court was in error in receiving the list of questions and the answers thereto for the reason that the same were not signed by the jurors.
These interrogatories were submitted as part of a form of special verdict upon the request of counsel for the plaintiff, and were submitted to the jury *Page 511 
by the trial court pursuant to the provisions of Sections 11460 and 11461, General Code, together with a narrative form of special verdict prepared by counsel for the defendant.
The distinction between a special verdict and special findings upon particular questions of fact must be kept before us. They are frequently confused. The pertinent provisions of our statutes upon the subject are as follows:
Section 11458, General Code, provides that "the verdict of a jury must be either general or special."
Section 11459, General Code, provides that "a general verdict is one by which the jury finds, generally, upon any or all of the issues submitted, in favor either of the plaintiff or defendant."
Section 11460, General Code, provides as follows: ''A special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw from the facts found, conclusions of law."
Section 11461, General Code, provides: "Unless otherwise directed by the court, a jury may render either a general or a special verdict, in all actions." And Section 11462, General Code, provides that, "when requested by either party, the court shall direct the jury to give a special verdict in writing, upon any or all issues which the case presents." Section 11463, General Code, requires the court, on the request of either party, to instruct the jurors that, if they render a general verdict, to find specially upon particular questions of fact to be stated in writing.
Clementson on Special Verdicts, at page 45, very *Page 512 
tersely states the distinction between a special verdict and special findings in response to interrogatories, as follows: "The special verdict is the sole basis of judgment. It finds the facts only, leaving it for the court to apply the law thereto, and is never properly rendered with a general verdict. It must be complete and consistent in and with itself, without aider by intendment or reference to the evidence. If it does not find all the facts essential to sustain (or defeat, as the case may be) the cause of action, it will not support a judgment. * * * On the other hand, the special findings embrace answers to one or more questions pertinent to but not necessarily covering any of the issues, though they may be controlling. They are never required except when a general verdict is returned, and are designed to explain and test the latter."
In a discussion of this subject in 27 Ruling Case Law, p. 872, it is stated: "Where the questions propounded to a jury are so framed as to cover all the material issues between the parties, the re-spouses to them by the jury are equivalent to a special verdict. * * * A special verdict being a finding on all the material facts of a case, the submission must be composed of a sufficient number of questions to cover every material fact in issue under the pleadings which is in dispute on the evidence. However, it should be composed of only a sufficient number of questions to cover singly the material issues, and in framing it issues that are single cannot be subdivided and covered by several questions."
The cases cited by both authorities above quoted indicate general support of the proposition that a special verdict may be returned in the form of answers *Page 513 
to interrogatories, although it may be prepared in narrative form; counsel for each party preparing and presenting a suggested form of special verdict which he believes to be justified under the pleadings and the evidence.
In 24 L.R.A. (N.S.), p. 78, the editors, following an exhaustive citation of cases bearing upon the subject, reach the conclusion that "the better method is for each material issue to be covered singly and independently by a question admitting of an answer in the affirmative or negative and an answer thereto, each question calling for a finding of a single ultimate fact."
This court in Rheinheimer v. Ætna Life Ins. Co.,77 Ohio St. 360, 83 N.E. 491, 15 L.R.A. (N.S.), 245, affirmed a judgment rendered upon a special verdict in narrative form, but no interrogatory form was presented, and hence there was no discussion of the relative merits of the narrative and interrogatory forms of special verdicts. The action of the court sustained in Ætna Life Ins. Co. v. Dorney, 68 Ohio St. 151,67 N.E. 254, was a refusal to submit as a special verdict a request for findings upon particular questions of fact under Section 5201, Revised Statutes, now Section 11463, General Code.
We can see no vital objection to the use of the interrogatory form of special verdict, and are of opinion that in some respects it has advantages over the narrative form to accomplish the purpose of the statute making provision for a special verdict. Hence there was no error in that regard.
The court directed the jury how to complete and sign the form of special verdict conforming to their finding of facts from the evidence, and directed them *Page 514 
where and how to sign the form presented by counsel for plaintiff if they adopted that form, that is, "on the front page." This page with interrogatories and answers attached thereto constituted a form of special verdict and when completed and signed by the jurors "on the front page," as directed by the court, was sufficient to comply with the statute, and the same was not invalidated by failure to again sign following the several answers, or at the end of the list of interrogatories and answers.
Was the trial court warranted in rendering a judgment upon the special verdict returned? This depends upon whether the findings of the jury constitute a determination of all the material issues in the case. All facts essential to the judgment must have been found by the jury, and to warrant a judgment the findings must be so clear, consistent and complete that the proper judgment can be rendered as a legal conclusion from the pleadings and findings of fact constituting the special verdict, without looking beyond such findings of fact to any evidence disclosed by the record. Pennsylvania Rd. Co.
v. Vitti, Admr., 111 Ohio St. 670, 146 N.E. 94. It is essential, therefore, to determine whether in this instance the special verdict returned consists of a finding upon every material fact in issue.
It is the duty of the trial court to require conformance with the provisions of Section 11460, General Code, in the preparation of the special verdict, whether it be in the narrative or interrogatory form. It must so present the facts found, "but not the evidence to prove them, that nothing remains for the court but to draw from the facts found, conclusions of law." Both forms presented in this case are subject *Page 515 
to criticism in that respect. The jury are the exclusive judges of the facts, but they should be required to return as their conclusions from the evidence the ultimate facts in the case and not a recital of the evidence. However, the inclusion of evidence supporting facts found in a special verdict will not render it defective if ultimate facts are found which warrant a judgment. Nor are conclusions of law proper in a special verdict, and they must be disregarded just as are evidentiary matters. They do not destroy the effect of ultimate facts found, and if those are sufficient to sustain a judgment the special verdict should stand.
Where a general verdict is sought, the court instructs the jury on the law of negligence, and directs the jury in arriving at their verdict, to apply those instructions to the facts found by them, but when a special verdict is to be returned the law is pronounced by the court upon the facts found by the jury. A finding by the jury that a certain act of the defendant constituted negligence, and that it proximately caused the injury, would be tantamount to a general verdict and conclusive of the case. A finding that one party was negligent and the other was not would be a mere conclusion of law, and that clearly is not within the province of the jury to determine in a special verdict.
The negligence charged is that Cook suddenly and without warning swerved the automobile to the left of the road and over the curb on to the sidewalk where the plaintiff was walking and there struck and injured him.
The jury finds that at the time of the injury plaintiff was walking in a southerly direction on the east *Page 516 
sidewalk of a street forty-two feet from curb to curb, and that Cook was driving his automobile in the same direction, that Cook operated said automobile down grade at twenty miles an hour on a street known by him to be in an icy and slippery condition, and that without warning the automobile was swerved and skidded to its left across the street and over the sidewalk, and there struck and injured plaintiff.
It must be concluded that the jury found no facts contrary to or inconsistent with those stated in this special verdict, and those facts are sufficient to warrant the conclusion that the injury to plaintiff was the proximate result of the negligent operation of said automobile. The finding of facts by the jury warrants the conclusion that Cook was not only the duly authorized agent of the defendant, but also that at the time of the accident he was in the actual performance of duties committed to him by the defendant, so that the doctrine ofrespondeat superior has application.
Where a special verdict is to be returned by the jury no instructions are proper except such as are necessary to inform the jury as to the issue made by the pleadings, the rules for weighing and considering the evidence, and direction as to the burden of proof, and such further instructions necessary to enable the jury clearly to understand their duties concerning such special verdict. It is not necessary or proper to give general instructions as to the law of the case. Udell v.Citizens St. Rd. Co., 152 Ind. 507, 52 N.E. 799, 71 Am. St. Rep., 336.
Though the court went further in the instant case and gave some general instructions upon the law of *Page 517 
negligence, it is conceded that the statements made were in all respects correct, and it is inconceivable that they could have influenced the action of the jury adversely to the defendant, or that they were in any, wise prejudicial.
Judgment affirmed.
MARSHALL, C.J., DAY, ALLEN and KINKADE, JJ., concur.
ROBINSON, J., concurs in the syllabus, but dissents from the judgment.