The Globe Indemnity Co., Appellant, *v.* Schmitt, Appellee.

(No. 6509—Decided April 23, 1945.)

*Messrs. Pogue, Helmholz, Culbertson & French,* for appellant.

*Mr. Robert G. McIntosh,* for appellee.

Ross, J. The plaintiff had executed a policy of casualty insurance to The John Shillito Company. By reason of the alleged negligence of an independent contractor employed by the insured, a pedestrian using the sidewalk extending along the place of business of the insured was injured. The plaintiff settled with such pedestrian for her claim against insured. This action was brought to recoup from such independent contractor, the defendant, the amount so paid by the insurer plaintiff.

The trial was to a jury.

The plaintiff requested a special verdict. The request was granted and the verdict was proposed to the jury in the form of a questionnaire. This method is approved in *Dowd-Feder Co.* v. *Schreyer,* 124 Ohio St., 504, 179 N. E., 411.

Motions were made both by plaintiff and defendant for judgment upon the special verdict and a motion for a new trial was filed by the plaintiff, appellant herein. The trial court overruled both motions for judgment on the verdict and refrained from passing upon the motion for new trial, which still, as far as the record before this court shows, remains undisposed of.

The plaintiff appeals upon questions of law from the refusal of the trial court to render judgment upon the verdict.

Motion to dismiss this appeal has been filed by the defendant, appellee herein, on the ground that there is no final order from which such appeal may be taken and, therefore, the court has no jurisdiction to entertain the same.

The appeal requires this court to examine the proceedings therein. If the special verdict was regular and complete and the plaintiff was entitled by law to

judgment, and this was improperly refused by the trial court, this court would be required to render the judgment which the trial court should have rendered.

Thus being required to examine the record to see whether the plaintiff has been refused a final judgment to which it is entitled, it cannot be said that this court has no jurisdiction to entertain this appeal, filed for the purpose of making such an examination.

The situation of the plaintiff is much the same as where its motion for an instructed verdict is overruled. Such refusal of the trial court to enter judgment upon a motion for an instructed verdict or motion *non obstante* has been held to be a final order offering a predicate for an appeal from such refusal. *Hocking Valley Mining Co.* v. *Hunter,* 130 Ohio St., 333, 199 N. E., 184; *Cincinnati Goodwill Industries* v. *Neuerman,* 130 Ohio St., 334, 199 N. E., 178; *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh, Admx.,* 131 Ohio St., 405, 3 N. E. (2d), 355; *Hubbuch* v. *City of Springfield,* 131 Ohio St., 413, 3 N. E. (2d), 359; *Murphy* v. *Pittsburgh Plate Glass Co.,* 132 Ohio St., 68, 4 N. E. (2d), 983; *Durbin* v. *Humphrey Co.;* 133 Ohio St., 367, 14 N. E. (2d), 5.

The motion to dismiss the appeal is therefore overruled.

Coming now to the question of whether the plaintiff has been refused a final judgment to which it is by law entitled, the provisions of Section 11599, General Code, are determinative of this question. This section provides:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained

such verdict by overruling the motion. Upon such overruling it shall immediately be entered.''.

It is apparent that the judgment for plaintiff which it demands· upon the verdict can "*only*" be entered *after* the trial court has "sustained such verdict by overruling the motion" for a new trial. This court cannot do what the trial court was not required to do. It can render only the judgment which the trial court should have rendered. The trial court was not only not required to render the judgment requested, but it had no power under the provisions of Section 11599, General Code, to render such judgment upon the verdict until it had not only passed upon the motion for new trial, but had overruled such motion. *Boedker* v. *Warren E. Richards Co.*, 124 Ohio St., 12, 176 N. E., 660.

The motion for judgment was therefore premature, for the trial court could not pass upon that motion for judgment until it had passed upon the motion for new trial and overruled it.

In *Wagner* v. *Long*, 133 Ohio St., 41, 11 N. E. (2d), 247, at page 49 of the opinion it is stated:

"Appellant contends that the trial court's refusal to render judgment on the verdict deprived him of a substantial right. This contention presupposes that a new trial has been denied. We hold to the contrary. A new trial having been granted, there reposed no duty upon the trial court to render judgment on the verdict which was vacated.''

Thus viewing the situation, the judgment of the trial court in refusing the motions is sustained, since they were premature and could not be acted upon until after its disposal of the motion for new trial in favor of the verdict.

The judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur in the syllabus, opinion and judgment.