THE GLOBE INDEMNITY CO., APPELLEE, *v.* SCHMITT, APPELLANT.

THE GLOBE INDEMNITY CO., APPELLANT, *v.* SCHMITT, APPELLEE.

(Nos. 6613 and 6614—Decided February 18, 1946.)

*Messrs. Pogue, Hoffheimer & Pogue* and *Mr. J. A. Culbertson,* for The Globe Indemnity Company.

*Mr. Robert G. McIntosh,* for Alois Schmitt.

HILDEBRANT, P. J. Both parties appealed on questions of law from the action of the Common Pleas Court following an affirmance by this court in the same case, No. 6509, *Globe Indemnity Co.* v. *Schmitt,* 76 Ohio App., 35, 63 N. E. (2d), 169.

The facts as set forth in that report are:

"The plaintiff had executed a policy of casualty insurance to The John Shillito Company. By reason of the alleged negligence of an independent contractor employed by the insured, a pedestrian using the sidewalk extending along the place of business of the insured, was injured. The plaintiff settled with such pedestrian for her claim against insured. This action

was brought to recoup from such independent contractor, the defendant, the amount so paid by the insurer plaintiff.

"The trial was to a jury.

"The plaintiff requested a special verdict. The request was granted and the verdict was proposed to the jury in the form of a questionnaire. This method is approved in *Dowd-Feder Co.* v. *Schreyer,* 124 Ohio St., 504, 179 N. E., 411.

"Motions were made both by plaintiff and defendant for judgment upon the special verdict and a motion for a new trial was filed by the plaintiff, appellant herein. The trial court overruled both motions for judgment on the verdict and refrained from passing upon the motion for new trial, * * *."

This court held in the second paragraph of the syllabus in *Globe Indemnity Co.* v. *Schmitt, supra*:

"When a motion for new trial is filed after a special verdict is rendered, the Court of Common Pleas has no power to render a judgment upon such special verdict until such motion for new trial is overruled and such special verdict sustained."

Upon the consideration by the trial court of the motion for new trial, the same was granted, and, again, both parties moved for judgment on the special verdict, and both such motions were overruled.

Both parties challenge the action of the court and appeal on questions of law, claiming to be entitled to judgment on the special verdict.

This court will reiterate that:

"If the special verdict was regular and complete and the plaintiff was entitled by law to judgment, and this was improperly refused by the trial court, this court would be required to render the judgment which the trial court should have rendered."

Section 11599, General Code, prior to its amendment effective October 11, 1945, provided:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered."

From a reading of the above section, it again appears that the trial court was not only required to render the judgment requested, but had no power to do so until it had not only passed on the motion for new trial, but had overruled the same. *Boedker* v. *W. E. Richards Co.*, 124 Ohio St., 12, 176 N. E., 660.

It follows that the action of the trial court is subject to review only on the question of abuse of discretion in granting the motion for a new trial, otherwise, it was not a final order. And that abuse of discretion is required to be clearly shown. See numerous citations in 1943 Cumulative Supplement, 2 Ohio Jurisprudence, 144, Section 126.

We are now required to examine the proceedings to see if the special verdict was regular and complete entitling either plaintiff or defendant to have judgment entered thereon, so that granting of the motion for new trial amounted to an abuse of discretion.

For the most part, the answers of the jury to the interrogatories contained in the special verdict are responsive and adequate to provide a basis for judgment for the plaintiff and the decision here turns on the answers to five questions, being numbers 7 to 11, inclusive, which are:

"7. While the defendant was occupied with duties incident to the loading of his truck, and while said iron grills had been so removed, did one Nellie Sullivan,

not an employee of the said John Shillito Company, walk in an easterly direction over and along the said sidewalk, between Elm and Race streets, adjacent to said store premises, and step upon the metal covering suspended in one of said openings, which was unprotected, and did the covering collapse under her weight while so walking, and was she precipitated into the space under the said sidewalk occupied by the said the John Shillito Company, and fall to the floor of the basement and suffer severe bodily injuries? Answer: She did—while defendant's agent was sweeping.

"8. In removing the iron grill over the said sidewalk opening did the said defendant fail to exercise that degree of care which persons of ordinary care and prudence would exercise under the same or similar circumstances, without providing an approved guard or barricade to protect the said Nellie Sullivan? Answer: No—he exercised normal care.

"9. Did the defendant fail to provide a barricade such as set forth in Section 1952 of the Code of Ordinances of the City of Cincinnati? Answer: We do not know what the city ordinance considers an approved barricade—but we consider a human body a sufficient guard in this case.

"10. Did the defendant fail to exercise that degree of care which persons of ordinary care and prudence would exercise under the same or similar circumstances by not giving the said Nellie Sullivan warning of the fact that said opening was unprotected? Answer: No.

"11. Were any of these acts of the defendant the proximate cause of injuries to the said Nellie Sullivan? Answer: Yes."

The specifications of negligence contained in the amended petition are that no approved barricade or guard required by the ordinance was erected and, therefore, defendant was guilty of negligence *per se*,

and that failure to warn the injured party amounted to negligence.

Plaintiff argues there was admitted violation of the city ordinance, showing negligence *per se,* so that nothing remained for the jury but the question of proximate cause, upon which it received a favorable answer in the special verdict, so that interrogatories propounded as to defendant's conduct in that connection were superfluous and it is, therefore, entitled to judgment.

It is said of special verdicts in 39 Ohio Jurisprudence, page 1145:

"Such verdicts cannot be aided by intendment or by extrinsic facts. The finding must be so clear, consistent and complete that the proper judgment can be rendered as a legal conclusion from the pleading and findings of fact constituting the special verdict, without looking beyond such findings of fact to any evidence disclosed by the record. In other words, resort cannot be had to the testimony, even though uncontradicted, for facts wherewith to supplement such special verdict."

The law has been applied in the following pertinent cases: *Dowd-Feder Co.* v. *Schreyer,* 124 Ohio St., 504, 179 N. E., 411; *Penna. Rd. Co.* v. *Vitti, Admr.,* 111 Ohio St., 670, 146 N. E., 94; *Wills* v. *Anchor Cartage & Storage Co.,* 38 Ohio App., 358, 176 N. E., 680; *Gendler* v. *Cleveland Ry. Co.,* 18 Ohio App., 48. See, also, 1943 Cumulative Supplement, 39 Ohio Jurisprudence, 1142, Sections 412 and 413.

Here, the special verdict appears to be so indefinite, incomplete, and contradictory as to be inadequate for the court on the pleadings and findings of fact to apply the law. That conclusion seems further to be in accord with the now declared legislative policy appearing in amended Section 11600, General Code, as fol-

lows: "* * * Where a verdict is so indefinite, uncertain or defective that a judgment can not be rendered thereon, the court shall order a new trial."

It is said in *Steiner* v. *Custer,* 137 Ohio St., 448, at page 451, 31 N. E. (2d), 855:

"However, the granting or refusing of a motion for a new trial rests largely in the sound discretion of the trial court, and it has often been held by the courts of this state that the setting aside of a general verdict and the granting of a motion for a new trial is not such a final order as may be reviewed, unless it clearly appears that the trial court abused its discretion. *Hoffman* v. *Knollman,* 135 Ohio St., 170, 183, 20 N. E. (2d), 221, 227; 2 Ohio Jurisprudence, 728, Section 651.

"The meaning of the term 'abuse of discretion' in relation to the present controversy connotes something more than an error of law or of judgment. Black's Law Dictionary (2 Ed.), 11. Such term has been defined as 'a view or action "that no conscientious judge, acting intelligently, could honestly have taken."'  *Long* v. *George,* 296 Mass., 574, 579, 7 N. E. (2d), 149, 151."

We, therefore, find no abuse of discretion in the action of the trial court in sustaining the motion for new trial.

The judgment is affirmed, and the cause remanded to the Court of Common Pleas of Hamilton county, for further proceedings according to law.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur in the syllabus, opinion and judgment.