Per Curiam.

The determinative issue herein is whether the trial court committed prejudicial error in giving the jury a general charge on the law of the case prior to submitting thereto a series of questions to be answered in a special verdict.
The question of whether certain amendments of the statutes concerning special verdicts affect the instant proceeding was argued and considered in plaintiff’s appeal to the Court of Appeals. This action was instituted prior to October 4, 1955, the effective date of such amendments, but tried subsequent thereto. The Court of Appeals ruled that such amendments do not affect this cause, and that determination is not questioned in this court.
In Dowd-Feder Co. v. Schreyer, 124 Ohio St., 504, 179 N. E., 411, this court indicated that, where a special verdict is to be rendered, a general charge on the law of the case is improper, although such a charge was held to be nonprejudicial in that case.
Paragraph five of the syllabus of the Dowd-Feder case is as follows:
“When a special verdict is to be rendered, only such instructions should be given by the court as are necessary to enable the jury clearly to understand their duties relative to such special verdict.”
That case should have been the proverbial “word to the wise” to the judges and lawyers of the state.
Apparently it was not, however, for in the case of Landon v. Lee Motors, Inc., 161 Ohio St., 82, 97, 118 N. E. (2d), 147, Judge Stewart had before him generally the same question and concluded that “it was prejudicial error for the court to refuse to make a full and correct charge on the question of negligence, if it can be held that it was not prejudicial error to give any charge whatsoever on negligence.”
Paragraph five of the syllabus of the Landon case is as follows:
“Where a special verdict is to be rendered, it is error for the court in its general charge to give any instructions to the jury except such as are necessary to inform it as to the issues *13 made by tbe pleadings, as to the rules in weighing and considering the evidence, as to the burden of proof in establishing facts, and as to the rules in determining the credibility of witnesses, and except such further instructions as are necessary to enable the jury to clearly understand its function and duty concerning the rendition of the special verdict.”
The trial court in the instant ease began its charge to the jury by identifying the plaintiff and the defendant and then said:
“Although you will be instructed in detail as to the law of this case, and as to the special verdict which will be submitted to you, I say to you at this time that the first ultimate question for you to decide is as to whether the defendant — Capital Finance Company owes any liability to the plaintiff — Curtis Smith. ’ ’
The court then proceeded to charge the jury concerning, inter alia, burden of proof, direct and circumstantial evidence, credibility of testimony, ordinary care, negligence, statutory duties owed by the parties, proximate cause, contributory negligence and damages. Although it is true that not all those subjects are improper as tested by paragraph five of the syllabus of the Landon case, supra, it is equally true that some of them are never proper.
The rationale of the rule limiting the subject matter of instructions to be given to the jury where a special verdict is to be rendered, as has been explained by this court, is that the jury, in rendering a special verdict, is theoretically in ignorance of the legal effect of its findings of ultimate facts. The difficulty experienced by courts in instructing the jury, where a special verdict is to be rendered, is caused in most instances by the including of improper questions among those to be submitted to the jury, and the resulting necessity of explaining to the jury the matters of law raised by such improper questions. It seems self-evident to this court, however, that to give the jury questions involving conclusions of law or questions involving findings of mixed law and fact and the instructions requisite to an understanding of how to consider and answer such questions, and the legal import of such answers, is to completely defeat the rationale of the rule.
*14 Accordingly, we must take the final step, the step which is all bnt spelled out in the Dowd-Feder and London cases, and conclude that a trial court in instructing the jury with reference to a special verdict, under statutes in effect prior to October 4, 1955, commits prejudicial and reversible error whenever it gives instructions other than those which “are necessary to enable the jury clearly to understand their duties relative to such special verdict.”
The judgment of the Court of Appeals is affirmed, and the the cause is remanded for a new trial.

Judgment affirmed and cause remanded.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias, Bell and Herbert, JJ., concur.