Herbert, J.,
dissenting. This cause was tried to a three-judge court. The court thus became the trier of the facts as well as of the law.
The record discloses in part the following facts:
There was a hard surfaced driveway on the church premises along the west side of the church building. Opening on the driveway was a door toward the rear of the church. Ordinarily a 100-watt electric light over the rear door was lighted during the night and disclosed the area of the pit.
The plaintiff police officer in the performance of his duties prior to the night of October 19, 1956 (the night of the occurrence), was aware of this light, although upon his last visit there was no excavation. On the night of plaintiff’s injury, the light of this 100-watt lamp was not lit and the area of the pit was left in complete darkness and its presence was unknown to the plaintiff as it had just been recently excavated. The church was engaged in a building program and caused this pit to be excavated, it being 30 feet wide, 40 feet long and 10 feet 8 inches in depth. It was partially covered by boards. It crossed the hard surfaced driveway. The defendants failed to erect any barricade, fencing, ropes or any other warning whatsoever of the recent creation of this dangerous unprotected pit.
In response to an alarm that the church was being burglarized, the plaintiff in the performance of his duty went to these premises and, in order to avoid being detected by an intruder, proceeded along the driveway in darkness, in some haste, so *173 that he would be at the rear of the church when another officer entered the front door.
The three-judge court in its conclusions of law found that plaintiff was lawfully upon the premises of the defendants, for the benefit of the defendants, as well as of the public; that the defendants violated the duties owed by them to the plaintiff; that such violations were the proximate cause of his injuries and damages; and that plaintiff was not guilty of any negligence proximately contributing to his injuries and damages.
We agree with the majority opinion’s definition of a “mere licensee.” 39 Ohio Jurisprudence (2d), 567 and 568, in Section 54, states:
“A licensee who enters upon the property of another by permission and acquiescence, but for his own pleasure, convenience or benefit, takes his license subject to its attendant perils and risks. The licensor is not liable to the licensee for ordinary negligence and owes him no duty except to refrain from wantonly, wilfully, or intentionally injuring him.” (Emphasis supplied.)
However, the facts here are uncontradicted that the plaintiff was not on the premises for his own convenience or of his own volition, but to benefit the defendants as well as the general public. Only the determination of questions of fact will establish the status of the plaintiff. Such determination is for a fact finding body. The three-judge court has already decided as a matter of fact that the police officer — plaintiff—was not a bare licensee.
This court has already expressed its view on the question here presented. In the case of Pennsylvania Rd. Co. v. Vitti, Admr., 111 Ohio St., 670, the law is stated in the first paragraph of the syllabus in this language:
“Where the evidence is such as to warrant, it is the duty of the trial court to submit to the jury with proper instructions the question whether the person injured on the premises of another by the claimed negligence of the owner thereof was at the time of such injury on the premises either at the express or implied invitation of the defendant, or whether he was a trespasser or a mere licensee.” (Emphasis supplied.)
The majority opinion endeavors to distinguish the Vitti case, supra, from the instant cause. The basic question here, *174 which the majority opinion fails to meet, is whether a jury question is presented under the doctrine of the Vitti case, supra, and Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469. Paragraphs three and four of the syllabus of the Hamden Lodge case are:
“3. Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.
“4. Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence.”
It would be reasonable to infer that the driveway constituted an invitation to use it, not only during the day but during the night. A light was provided to illuminate the area during the night. It might be well argued that this was also in the nature of an invitation to use the driveway. For some reason, however, the management of the church failed to have this light lit on the night in question and there in the darkness was this enormous pit. This failure to light the premises and to provide suitable barricades or warnings under all the circumstances is actionable negligence regardless of plaintiff’s status. The facts in this cause support the conclusions of the trial court under the doctrine of the Vitti case.
Coming now to the Hamden Lodge case: In substance this court’s decision would sustain a motion for a directed verdict. The evidence must be construed most strongly in favor of the plaintiff. Therefore the inference that the driveway was an invitation must be accepted as a fact. The providing of a light at night must further be accepted as supporting the invitation during the night season.
Three able judges, as triers of the fact, specifically found that the plaintiff was entitled to have the issues of fact submitted to a jury, had a jury sat in the trial. These three judges considered the facts and returned a verdict and entered judgment for the plaintiff.
*175 Three judges of the Court of Appeals affirmed the judgment of the lower court. In this court, two members also agree with the three-judge court and the Court of Appeals. So there are eight minds in agreement that there were issues of fact warranting submission to a jury. Are these eight minds reasonable? Five members of this court in substance say that such minds do not meet the test of “reasonable” as laid down in the Hamden Lodge case.
If we conclude that all 13 minds are reasonable then there are different conclusions upon questions of fact, eight holding there is a jury question, five holding there is not. Therefore, under the doctrine of the Hamden Lodge case, the issues here present a jury question.
The judgment of the Court of Appeals should be affirmed.