Jones, J.
 

 Actionable negligence requires that in order to recover there should be allegation and proof of a legal duty owing by the defendant and of a breach of that duty. On the trial, in the course of the examination in chief, plaintiff tendered testimony that he and others had previously ridden upon this same train and left it at the St. Clair street crossing where the plaintiff was injured. This testimony was admitted over the objection of the defendant. In that connection the court also charged the jury that, if, prior to the accident, the company had permitted persons to travel and pass over their road at this crossing, without objection or hindrance, the company should be held to anticipate the continuance of those conditions, and was bound to exercise reasonable care
 
 *597
 
 in respect thereto. Under this evidence and the charge of the court the plaintiff manifestly attempted to create a legal obligation upon the part of the defendant, arising from acquiescence of the company in conditions with reference to which it was bound to exercise due care. But there is no allegation in the petition with respect ■ to this specific duty upon which plaintiff relied, and it is elementary, that, where a particular local custom or acquiesced usage is relied upon as creating an obligation or duty owing to a party, evidence relating thereto is not admissible unless facts giving source to that duty are pleaded. In
 
 Palmer
 
 v.
 
 Humiston,
 
 87 Ohio St., 401, 101 N. E., 283, 45 L. R. A., (N. S.), 640, this court declared in its syllabus that:
 

 ■ “A special custom or usage in any particular trade, business, or profession, to be available to either party, must be specially pleaded.”
 

 If “the custom be local in character, the party who proposes to rely upon it should aver it in his pleadings.” 27 Ruling Case Law, p. 195.
 

 In the case of
 
 Knox
 
 v.
 
 North Jersey St. Ry. Co.,
 
 70 N. J. Law, 347, 57 A., 423, 1 Ann. Cas., 164, the court announced the following proposition relating to the rule of pleading in cases of this character:
 

 “Assuming that a right of way over other vehicles, at street crossings, may be conferred by local custom upon fire engines or trucks when being driven to fires, the existence of such a custom must be specially pleaded by the party intending to rely upon it to support his case.”
 

 In
 
 Smith
 
 v.
 
 L. E. & St. L. R. Co.,
 
 124 Ind., 394,
 
 *598
 
 397, 24 N. E., 753, 754, the Chief Justice of that court, in discussing the rules and practice of the railroad company in permitting its passengers to ride upon freight trains, said:
 

 “Did the appellee, by established usage, or by its rules and regulations, allow passengers upon its freight trains, then the proper allegations should have been made.”
 

 There is no allegation in the petition attempting to impose any duty upon the railway company with reference to passengers getting off at the St. Clair street crossing, and it is quite obvious that the admission of testimony in respect thereto, as well as the court’s charge with reference to that custom, or acquiescence therein, was clearly erroneous.
 

 However, there is before us a more important question for consideration. The defendant moved for a directed verdict at the close of plaintiff’s evidence, and later renewed its motion at the close of the entire evidence. Since the plaintiff himself was the only witness who tendered evidence touching his relation to the railroad company at the time of the injury, and as to the manner in which it occurred, for the purposes of this opinion consideration will be given only to the evidence of the plaintiff himself. , Upon this phase the petition is adroitly drawn. All that it states in that connection is contained in that portion of the petition given above. From the meager allegations of that pleading, the statement could be easily construed as an allegation that plaintiff was injured while engaged in his duties as a switchman, a duty which,
 
 *599
 
 the petition averred, the defendant owed him. It was not until proof was offered by plaintiff himself, substantially supporting the allegations contained in the answer, that the true state of facts was presented to the court and jury. This testimony shows without dispute that the plaintiff had been employed ás a pilot between the Union Station and Linndale, and had been furnished a pass for return passage over the road of the defendant. On the evening he was injured he had completed his duties as flagman and pilot, and had started to reach a street car for the purpose of going to his home, but changed his mind when he saw train No. 48 standing nearby. This train started before he was able to reach the coaches. He thereupon climbed up on the end sill of a box car, and in that position rode between this box car and the adjoining express car for a distance of about 6 miles to St. Clair street crossing, where he was struck by a backing locomotive within a few seconds after he had jumped down from the sill of the car.
 

 The single question presented is, What was the status of the plaintiff at the time of the injury, and what if any duty was then owing him by the defendant? In this regard it appears that neither the conductor nor anyone else knew that plaintiff was riding between these cars. He was not riding by the invitation of the company, but entirely at his. own convenience, and in a situation which compelled him to suddenly act hs he did. Had he ridden as a passenger in one of the coaches upon the pass which he carried, or had he been en
 
 *600
 
 gaged at the time as an employe of the company, and in a place where his duties as such employe reasonably called him, the case would assume an entirely different aspect. In such event the plaintiff would have been neither a licensee nor a trespasser, and under the situation we have here the following proposition of the syllabus in
 
 Illinois Central R. Co.
 
 v.
 
 Eicher, Adm’x.,
 
 202 Ill., 556, 67 N. E., 376, applies:
 

 “Rights of trespassers and licensees are entirely different from the rights of persons who are upon premises of a railroad company by invitation, express or implied, for a purpose connected with its business. ’ ’
 

 “The rights of trespassers and licensees are entirely different from the rights of persons who are upon premises of a railroad company by invitation, express or implied, for a purpose connected with its business.” 33 Cyc., 767.
 

 Since there is no dispute of the facts that plaintiff had ended his employment and was not connected with any business of the company, and was not in the position he assumed by any invitation of the defendant, plaintiff could hot be considered to have been other than a mere licensee at the time of the accident. Such being his status, the overwhelming weight of authority in this state and elsewhere is to the effect that there is no legal duty owing on the part of a defendant to one who was not an employe and who had placed himself in a position of peril, as was done under the circumstances here related, except the duty to refrain from willfully and wantonly injuring him and to
 
 *601
 
 use all reasonable care to avoid injuring Mm after discovering Mm in such position.
 

 TMs legal proposition has been so frequently announced by various courts that it would be futile to refer to the great number of cases dealing with the subject. Among others is
 
 Kennedy
 
 v.
 
 Chase,
 
 119 Cal., 637 on page 642, 52 P., 33, 35, (63 Am. St. Rep., 153). Judge Van Fleet, discussing the rule under consideration relating to the rights of trespassers and mere licensees, quotes the text in Thompson on Negligence, as follows:
 

 “We have found no support for any rule * * * which would protect those who go where they are not invited, but merely with express or tacit permission, from curiosity or motives of private convenience, in no way connected with business or their relations with the occupant. ’ ’
 

 Among other cases to the same effect is
 
 Union Traction Co.
 
 v.
 
 Grohs
 
 (Ind. App.), 142 N. E., 389, and one of the more recent cases on the subject is
 
 Murphy, Adm’x.,
 
 v.
 
 Boston & Maine R. Co.,
 
 248 Mass., 78, 142 N. E., 782, decided by the Supreme Court of Massachusetts. And we are not without authority in this state upon this feature of the case. In the case of
 
 Hannan, Adm’r.,
 
 v.
 
 Ehrlich,
 
 102 Ohio St., 176, 131 N. E., 504, this court, in addition to holding that allegations of permission and acquiescence were not sufficient to constitute express or implied invitation, held:
 

 “A licensee takes his license, subject to its attendant perils and risks, and the licensor owes him no duty except to refrain from wantonly or willfully injuring him and to exercise ordinary care after discovering him to be in peril.”
 

 
 *602
 
 While the foregoing case arose out of the obligations and duties of a private owner of land to a licensee, all' the authorities agree that there is no distinction whether the ownership adheres in a private owner or in a railroad corporation. That question is fully discussed in
 
 Pittsburgh, Ft. Wayne & Chicago Ry. Co.
 
 v.
 
 Bingham, Adm’x.,
 
 29 Ohio St., 364, 370.
 

 In the case of
 
 Cleveland, Akron & Columbus Ry. Co.
 
 v.
 
 Workman, Adm’r.,
 
 66 Ohio St., 509, 64 N. E., 582, 90 Am. St. Rep., 602, this court held that an employe of the railway company, whose duties did not require him to be upon the main track of a railroad, but who went there without invitation or inducement by the railroad company, was a mere licensee at most, and that the company did not owe him any special duty to look out for and protect him when running its trains, “except to use reasonable care to avoid injuring him after discovering him upon the track.” In the course of the opinion, the rule of liability with respect to a mere licensee was discussed by the learned judge who wrote the opinion. . Citing various authorities, he said, at page 540 (64 N. E., 587):
 

 “It may be added here that the rule is substantially the same as to trespassers and mere licensees; that is, licensees without invitation or inducement. An employe who goes upon the track or elsewhere upon the company’s premises not in the line or discharge of his duty, and without any invitation, express or implied, is at most a mere licensee to whom the company owes no duty to keep such place safe.”
 

 
 *603
 
 The case of
 
 Pennsylvania R. Co.
 
 v.
 
 Vitti, Adm’r.,
 
 111 Ohio St., 670, 146 N. E., 94, can easily be distinguished from the other Ohio cases. One of the issues in that case was whether or not the decedent, who was assisting a police officer, was on the premises of the railroad company by invitation and was more than a mere licensee. There was evidence tending to show that the decedent was lawfully upon the premises of the company and engaged in the duty of attempting to arrest persons for a misdemeanor committed on its premises. Being lawfully upon the premises of the defendant, and acting for its and the public’s benefit, he could have been considered as more than a mere licensee. This distinction is clearly made by the judge delivering that opinion, who cites the rule contained in 33 Cyc., 756.
 

 There was no invitation here, either express or implied. Plaintiff was not engaged in any duty in behalf of his employer. He voluntarily, and for his own convenience, selected the perilous situation in which he placed himself. The conductor of the train had no knowledge of his position, nor did the employes of the backing locomotive have any knowledge of his peril in time to avoid injuring him. The charge of the court imposing ordinary care on the defendant in the situation thus developed was erroneous.
 

 For the reasons stated, the motions of the defendant below for a verdict in its favor should have been sustained by the trial court. The judgments of the lower courts vdll be reversed, and
 
 *604
 
 judgment entered in favor of the plaintiff in error.
 

 Judgment
 
 reversed,
 
 and judgment for plaintiff in error.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.