MAPLE, PLAINTIFF-APPELLEE, *v.* THE TENNESSEE GAS TRANSMISSION COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Carroll County.

No. 334. Decided June 24, 1963.

Mr. *Tom Richards* and Mr. *D. W. Raley*, for plaintiff-appellee.

Messrs. *Black, McCuskey, Souers & Arbaugh* and Messrs. *Carson, Vogelgesang & Sheehan* and Messrs. *Saltsman & Saltsman*, for defendant-appellant.

BROWN, P. J.   The plaintiff, while attempting to turn his car on a roadway adjacent to the defendant company's pumping station in icy weather, became stuck in the ditch adjacent to defendant company's driveway.   Plaintiff walked onto the defendant's premises, talked with Stewart, one of the defendant company's employees, and told Stewart his problem.   Stewart and he went in Stewart's car to one of the garages on the company's property intending to get a truck with which to pull plaintiff's car from the ditch.   While plaintiff and Stewart were attempting to open the garage door Stewart's driverless car proceeded forward pinning plaintiff to the garage doors and seriously injuring him.

The jury returned a verdict for the plaintiff, upon which judgment was rendered.

The defendant assigns five errors, which will be considered in numerical order.

The first assignment of error is not well made since the settled bill of exceptions does not show a request for special verdict as required by Section 2315.15, Revised Code.

The second assignment of error charges the court erred in failing to submit to the jury interrogatories requested by the defendant.

Prior to the giving of special charges requested by the plaintiff, the argument and the general charge of the court, the defendant submitted to the court several interrogatories, to be answered by the jury, the same to be answered severally and not as a series. The court refused to submit such interrogatories to the jury.

The record indicates that the interrogatories were submitted to the defendant under Section 2315.16, Revised Code, and in a timely way. However, the interrogatories did not concern essential findings upon controlling questions of fact, and were properly refused. *Dalies* v. *Sowers*, 109 Ohio App., 367.

The court was requested by defendant (at the close of the general charge) as follows:—

"Defendant further requests the court to charge the jury the law applicable to the issues of trespassing and of plaintiff being at best a mere licensee upon the property of the defendant at the time."

The accident was occasioned by the collision of a car operated by defendant's agent with the plaintiff's body. The fact that the collision occurred upon the defendant's premises under the circumstances of this case does not make it necessary for the trial court, or the jury, to determine whether the plaintiff was a trespasser, licensee or invitee at the time of the collision. The plaintiff undisputedly was on the premises with the knowledge of that particular employee of defendant. Any active negligence of such employee thereafter which proximately causes injury to the plaintiff's person is chargeable to the defendant if done within the course and scope of employment, and without regard to status as a trespasser, invitee or licensee. The duty not to injure a trespasser after he is known to be upon the premises is the same duty as is owed in that respect to an invitee. *Cleveland, Cincinnati, Chicago & St.*

*Louis Ry. Co.* v. *Potter*, 113 Ohio St., 591; *Hannan, Admr.* v. *Ehrlich*, 102 Ohio St., 176; *Cole, Admr.* v. *New York Central Rd. Co.*, 150 Ohio St., 175; Restatement of the Law—Torts, Chapter 13, Section 336.

The fourth assignment of error is without merit.

The fifth assignment of error questions whether the factual situation as demonstrated by the evidence, giving that evidence a construction most favorable to the plaintiff, gives rise to a jury question as to whether Mr. Stewart, defendant's agent, was acting in the course and scope of his agency at the time of the accident.

There was evidence that Stewart, the defendant's employee, was in charge of the pumping station generally in the absence of the superintendent, and that the superintendent was absent on this occasion. There was evidence that the plaintiff's car in the ditch was partly blocking one of the driveways by means of which entrance to and exit from the defendant company's plant was obtained. From this and other evidence in the record, we may presume that Stewart reasonably may have concluded that the defendant company had some interest, or would derive some benefit directly or indirectly from rendering assistance in this emergency. We can not say on this evidence as a matter of law that Stewart at the time of the accident was beyond the scope of his employment. Stewart was acting in an area in which he had some implied authority to exercise discretion in determining whether his rendering help in this emergency was in his company's interest.

We note the following well stated comment in 35 American Jurisprudence, Section 550, Page 981:—

"* * * whether any particular act is within the authority which has been impliedly conferred upon the employee is one which the courts have found oftentimes to be difficult of solution. In this respect, the decisions hold that where authority to act for another has been conferred without special limitation, it carries with it, by implication, authority to do all things that may be necessary to its execution; and where the authorization involves the exercise of the discretion of the employee, the use of such discretion is a part of the thing authorized and, where exercised, becomes, as to third persons, the discretion and act of the employer * * *."

Doubt as to whether or not a servant is acting within the course and scope of his authority when injuring another will be resolved against the master in an action to hold the latter liable for the act, at least to the extent of requiring the question to be submitted to the jury. Assigned error number five is therefore not well taken. 35 American Jurisprudence, Master and Servant, Section 552, page 986.

Judgment affirmed.

FRANCE, J, concurs.
JONES, J., not participating.