O’Neill, J.
The plaintiff, Robert Scheurer, was a member of the police force of the city of Mansfield, Ohio, and the defendants were trustees of The Open Bible Church, located in that city.
On October 19, 1956, at about 10:50 p. m., the plaintiff was on cruiser duty, patrolling the streets of Mansfield. The patrol car received a report by radio of a complaint by someone, not shown in any way to be connected with the church, that “kids” were breaking into The Open Bible Church on Park Avenue East in the city of Mansfield. The plaintiff and his cruiser partner, Lieutenant Letizia, went to the church, parked their car and began investigation of the report.
The church was located on the north side of Park Avenue East. It had a main front door and a side door on the west side of the building, approximately 100 feet north of the public sidewalk located in front of the church. This side door was frequently referred to as a back door. There was an asphalt improved alleyway or driveway which extended along the west side of the church a distance of about 100 feet. This alleyway was owned by the church.
The church owned also the residence property immediately west of the alleyway. The church was engaged in the construction of a fellowship hall on the back yard of the residence property. This construction project had progressed to the point of excavation for the foundation. The excavation had been completed that day. This excavation was 30 feet wide, east and west, and 40 feet long, north and south. The southeast corner of the excavation was located approximately opposite the side door of the church proper and was 10% feet deep at *165 that point. The location of the excavation was snch that if one proceeded straight north in the alleyway in line with the alleyway and did not stay within 8 or 10 feet of the west wall of the church proper he would run into the excavation.
The excavation was unguarded and unprotected with ropes, guardrails or a barricade, and none of the dirt from the excavation had been piled in the alleyway to alert a person moving through the alleyway. Several planks had been laid diagonally across the southeast corner of the excavation.
The plaintiff left the patrol car and went to the entrance of the alleyway. Letizia went to the front door of the church. They had agreed that the plaintiff would enter the side door of the church and Letizia would enter the front door of the church, and thus anyone inside the church would be driven into the arms of one or the other in any effort to escape.
Plaintiff paused near the sidewalk in front of the church at the entrance of the alleyway and, holding his flashlight in his left hand to the limit of his reach, flashed it in an arc to determine whether there were any persons in the driveway. He was attempting to determine whether he could see them or see their shadows or silhouettes. Plaintiff turned the flashlight off so that he would not make a good target. He trotted, jogged or ran back in the alleyway, in absolute darkness without using his flashlight again, for a distance of 70 to 100 feet to a point where he fell into the unguarded and unlighted excavation in the vicinity of the southeast corner thereof.
He sustained a serious injury to his right fibula and ankle.
The questions before this court are questions of law as to (1) what was the plaintiff’s status on the defendants’ premises, (2) what was the duty owed by the defendants to the plaintiff, and (3) was the plaintiff guilty of such contributory negligence as to bar him from recovery as a matter of law.
The defendants raise no question as to the amount of the damages in the event they are found liable as a matter of law.
The defendants contend that plaintiff was a licensee on defendants’ premises, and that the defendants owed the policeman no duty except to refrain from injuring him willfully or wantonly and to exercise ordinary care to avoid imperiling him by any active conduct.
*166 The plaintiff’s position is that, although a series of Ohio cases apply the above rule to firemen, there is an actual factual difference existing between firemen and policemen, and that Ohio has recognized this difference.
The plaintiff cites no cases for his position that there should be a distinction drawn between firemen and policemen, and there are no cases in other jurisdictions which make such distinction.
All the text writers and the cases treat firemen and policemen together under one rule.
The force and weight of the plaintiff’s argument that there is a difference between a policeman and a fireman in these circumstances and that the law should recognize it is not impressive.
It is agreed that there are no Ohio cases in which this precise question as to the status of a policeman has been decided. It is the further contention of the plaintiff that the courts of Ohio are in the process of recognizing a difference in status between persons who come upon the property of the owner at the mere sufferance of the owner, as contrasted with a person who comes on the property for either the benefit of the owner or in the discharge of a public duty which incidentally benefits the owner. Elliman v. Gombar, 86 Ohio App., 352, at page 355, is cited for this position.
The Elliman case does not support this proposition. In fact, the syllabus states the law to be otherwise. Even the dicta at page 355 must be strained to give any comfort to the plaintiff.
The plaintiff relies heavily upon the cases of Pennsylvania Rd. Co. v. Vitti, Admr., 111 Ohio St., 670, at page 677, and Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Potter, 113 Ohio St., 591, page 603, and the dissent by Judge Sherick in the case of Lagonda Citizens National Bank v. Knowles, 18 Ohio Law Abs., 657, at page 663, for his assertion that the question of whether the plaintiff was a bare licensee or something more than a bare licensee was a jury question.
Pennsylvania Rd. Co. v. Vitti, Admr., supra, is distinguishable from the case at bar. In that case plaintiff, assisting a police officer in locating and arresting certain persons on defendant’s premises, was directed by an employee of defendant *167 as to where he should go on defendant’s premises, and the plaintiff was injured by the active negligence of another employee of the defendant. In the instant case it is agreed that there was no request or direction by the defendants or their employees to go on the premises and no active negligence.
Likewise, Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Potter, supra, and the dissent in the case of Lagonda Citizens National Bank v. Knowles, supra, are of no great help in determining this case.
The plaintiff relies further upon a New York case, Meiers v. Fred Koch Brewery, 229 N. Y., 10, 13 A. L. R., 633, 127 N. E., 491. In that case the New York court was equally divided, three to three, in affirming a judgment where plaintiff, a fireman, was permitted to recover for injuries received when he fell into a hole in a public passageway on the premises of the defendant as plaintiff was making his way to the place of the fire on defendant’s premises. See Maloney, Admx., v. Hearst Hotels Corp., 274 N. Y., 106, 110.
The plaintiff also cites a four-to-three decision by the Illinois Supreme Court, in the case of Dini v. Naiditch, 20 Ill. (2d), 406, 170 N. E. (2d), 881, where the court reversed previous rulings of that court and held, as reported in the North Eastern Reporter headnotes, that “a fireman performing his duty on private property is an ‘invitee,’ not a mere ‘licensee,’ so that property owner is held to duty of reasonable care. ’ ’
In refusing to follow stare decisis, the Illinois court, in its opinion, said:
“Stare decisis ought not to be the excuse for a decision where reason is lacking.”
In the Illinois case, there were serious violations of building ordinances and much evidence which tended to show that the injury to the fireman in that case was caused by the violation of the ordinances. The fireman had suffered horrible burns and permanent total disability. The court noted these matters in its opinion but did not ground its decisions upon that basis.
The rule followed in most jurisdictions is: A policeman or fireman entering private premises in the performance of his duty is generally held to be a mere licensee.
An owner or occupant is liable for injury to a policeman *168 or fireman who enters the premises in the performance of his duties, where such injury is inflicted willfully or wantonly, by affirmative and active acts of negligence, or by a violation of a duty created by statute or ordinance (for the benefit of policemen or firemen).
Firemen and policemen entering the premises of a property owner under authority of law are not invitees or business visitors, for their business is in no way connected with the business of the owner. They may appear at any time, without notice or warning, and the owner may not exclude them from the premises. 65 Corpus Juris Secundum, 490 and 493, Negligence, Sections 34 and 35. See, also, 39 Ohio Jurisprudence (2d), 581, 582, Section 62; 38 American Jurisprudence, 785, Negligence, Section 124; annotation, 13 A. L. R., 637, 646; 2 Encyclopedia of Negligence (H. L. Oleck), 1124 and 1126, Sections 401 and 402; 3 Cooley on Torts (4 Ed.), 198, Section 440; 2 Harper and James, The Law of Torts, 1501, Section 27.14; Prosser on Torts (2 Ed.), 460, 461, Chapter 15; annotation, 141 A. L. R., 685 et seq.
It is agreed that there was no invitation to the policemen to enter upon defendants’ premises by anyone connected directly or indirectly with the defendants. There was no violation by the defendants of any duty created by statute or ordinance (for the benefit of the policemen). There was no active negligence by the defendants. There was no hidden trap and the defendants had no knowledge of the plaintiff being on the premises and no opportunity to warn him of the danger. There was no wanton or willful misconduct by defendants.
Our court must determine whether it will follow the general rule and the weight of authority and what has been until now the Ohio rule that a policeman or fireman, in the performance of his duty, enters a defendant’s premises as a licensee and not as an invitee, or hold the policeman in this case to be an invitee in order that he may recover. See Scheibel v. Lipton, 156 Ohio St., 308.
Although the reasoning of the early cases which led to the establishment of the rules of law in this area with regard to firemen and policemen does not have the same force today, the rules themselves are still sound and can be grounded upon reasoning which is valid in our society today.
*169 Policemen and firemen do not come upon private property in the performance of their official duties by invitation, express or implied, nor by the consent or acquiescence of the owner, nor are they trespassers. Policemen and firemen enter upon premises in the performance of a public duty under a permission created by law and their status is that of licensees, and the owner of the premises owes them no greater duty than that due a licensee. Their status in no sense depends upon who calls them or turns in the alarm.
The question with which this court is faced is: Who shall bear the burden of the loss created when a policeman or fireman suffers injuries upon private premises in the performance of his official duties, where the owner has not violated any duty created by statute or ordinance (for the benefit of policemen or firemen) with regard to the condition of his premises and has committed no active negligence causing the injury, and there were no hidden traps and the owner had no knowledge of plaintiff being on the premises and no opportunity to warn him of danger, and there has been no wanton or willful misconduct.
The established rule and the greater weight of authority in this country is that the owner of the premises is not liable. However, there has been a recognition that the policeman or fireman should not be required to bear the burden of the loss incurred by his injury.
Ohio has met this problem since 1913 by including in the coverage under the Workmen’s Compensation Act policemen and firemen. The act in the 1913 amendment (103 Ohio Laws, 72, 77) included policemen and firemen except those in cities where policemen’s and firemen’s pension funds had been established.
In 1931 (114 Ohio Laws, 28), the act was amended to provide that policemen and firemen were entitled to full coverage, less any amount received from policemen’s and firemen’s pension funds. By the Eecodification Act of 1953, full coverage of policemen and firemen under workmen’s compensation was retained.
In 1961 (129 Ohio Laws, 1801), the act was amended to include volunteer firemen and policemen, and the area of coverage was extended to temporary areas of assignments outside this state.
*170 This was grounded upon the proposition that this burden should be shared by all taxpayers who share the benefits of the protection provided by policemen and firemen; and that, therefore, the protection for these public employees should be that given through coverage by the Workmen’s Compensation Act by specific reference to them in the act as policemen and firemen.
This section (Section 1465-61, General Code), which is now Section 4123.61, Revised Code, and which includes policemen and firemen specifically under the act has been before the General Assembly eight times since 1913. On each occasion when the matter was considered, the General Assembly having the problem before it was free to enlarge the duty of the owner of the premises and to increase his liability as well as providing coverage under workmen’s compensation if it had so desired.
Some text writers have indicated that the damages in an action against the owner might well be much greater than the limits prescribed by the Workmen’s Compensation Act. This same argument, of course, can be made in the case of employees generally, and frequently it would be true.
It can be noted also that if recovery is allowed against the owner of the premises on the basis of a duty to policemen and firemen being the same as the duty owed an invitee, this recovery under present law would be in addition to workmen’s compensation. However, it is obvious that recovery in an action for damages against the owner of the premises is much less certain than recovery under the Workmen’s Compensation Act because of the availability of defenses to the owner of the premises.
It appears to be sound and settled public policy in this state that the problem should be handled in this manner, and it has seldom if ever been challenged in the General Assembly by policemen and firemen and their organizations. As a matter of fact, their approach to the problem has been through the Workmen’s Compensation Act.
The burden placed upon property owners of being liable to a fireman or policeman, who comes upon private premises unexpectedly at any time of day or night to fight a fire on the owners’ premises or on adjoining premises or to apprehend a criminal in his act of crime or fleeing from a crime committed on other premises, as if he were an invitee, is too great. The *171 benefit from the performance of the official duties of these public employees is shared by all citizens of the community and the burden of loss caused by injury should be shared by all citizens of the community through taxes. Under these circumstances, it is appropriate that the defenses available to the political-subdivision employer should be only those available under the Workmen’s Compensation Act, and that the limitations upon recovery should be those prescribed by the Legislature.
Illinois is the only jurisdiction in which it has been held that all public employees who come upon an owner’s premises in the exercise of their official duties are invitees. In some jurisdictions other than Ohio it has been held that sanitary and safety inspectors, garbage collectors, city water-meter readers, postmen and tax or custom collectors are invitees.
Firemen and policemen are all but universally held to be mere licensees, entering under a “license” conferred by law. See Prosser on Torts, supra.
The entry of public employees, other than policemen and firemen, occurs during regular business hours, and such entry can reasonably be anticipated not only as to time, but also as to place. The owner has a reasonable opportunity to make the premises safe or to warn them of any dangerous condition. Such is not true as to policemen and firemen, and some of the cases in some jurisdictions other than Ohio which allowed recovery to other public employees so state.
Policemen and firemen come on the premises at any hour of the day or night and usually because of an emergency, and they go to parts of the premises where people ordinarily would not go. Their presence can not reasonably be anticipated by the owner, since there is no regularity as to their appearance and in most instances their appearance is highly improbable.
Reasoning and experience support the public policy that the duty of an owner of private premises toward policemen and firemen who come upon his premises by authority of law in the performance of their official duties and suffer injury should be only that duty owed to a licensee, and that the owner should only be liable where such injury is inflicted by willful or wanton misconduct, or an active act of negligence, or by a violation of a duty created by statute or ordinance (for the benefit of *172 policemen or firemen), or where a hidden trap caused the injury or where the owner had knowledge of the presence of the policeman or fireman on the premises and the opportunity to warn him of the danger and failed to do so.
The judgment of the Court of Appeals is reversed and final judgment rendered for the defendants.

Judgment reversed.

Taft, C. J., Zimmerman, Matthias and Griffith, JJ., concur.
Herbert and Gibson, JJ., dissent.