## JOHNSTON

v.

## MEDICAL COLLEGE OF OHIO.

Court of Claims of Ohio.

Decided April 26, 1993.

*Robert W. Bryce,* for plaintiff.

*Lee Fisher*, Attorney General, and *Catherine M. Cola*, Assistant Attorney General, for defendant.

---

RUSSELL LEACH, Judge.

At approximately 9:00 a.m. on July 3, 1987, Robert Robarge ("Robarge"), a mental patient on Ward 6A of the Medical College of Ohio ("MCO"), intentionally stepped in front of the van being driven by plaintiff, Scott W. Johnston ("Johnston"), on Arlington Avenue, bordering the hospital grounds. Robarge died six days later.

Johnston brought this action against MCO, alleging that MCO was negligent in permitting Robarge to leave the ward without supervision when they knew that Robarge was a suicide risk.

A trial was held by this court on the sole issue of liability, commencing on March 29, 1993, and ending on March 31, 1993. The parties subsequently filed briefs on the issue of duty.

Having duly considered the evidence and arguments of counsel, the court renders the following findings of fact and conclusions of law.

Plaintiff's action is framed as a negligence claim against defendant. The law of negligence requires that plaintiff prove, by a preponderance of the evidence, "the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469. See, also, *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 47 O.O.2d 282, 247 N.E.2d 732.

Had MCO instituted suicide precautions or caused Robarge to be transferred to a hospital which could "lock up" patients, in all probability the injury to Johnston would not have occurred. However, it is always easy for "Monday morning quarterbacks" to criticize the plays called the previous Saturday.

■ The decision to change a patient's security status is one involving "the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion" *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70, 14 OBR 506, 508, 471 N.E.2d 776, 778. No liability can attach to decisions involving a high degree of official discretion. *Id.*

■ Robarge entered MCO on May 20, 1987. There was no evidence that the care given to him before June 24 was substandard. However, one expert witness, a board-certified psychiatrist, opined that while Robarge was at a low risk to attempt a suicide on June 23, by June 24–27, he had become a high-moderate risk and that after June 28 he should have been in a locked unit. He further testified that Robarge's suicide was foreseeable and that MCO departed

from the accepted standard of care. This court is convinced of the sincerity of this expert, but, supported by contrary expert opinion, does not find that MCO's treatment and care of Robarge was below the standard of care of a reasonably operated mental treatment facility. The court further finds that while Robarge's suicide may well have been foreseeable, the injury to plaintiff, as a result of such suicide, was not foreseeable and thus not a proximate cause of such injury.

As Judge Shoemaker said in *Hendrickson v. Rollman Psychiatric Inst.* (1989), 61 Ohio Misc.2d 76, 80, 573 N.E.2d 1238, 1240:

"Ordinarily, there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection. See *Littleton [v. Good Samaritan Hosp.* (1988) ], *supra,* 39 Ohio St.3d [86] at 92, 529 N.E.2d [449] at 455; *Gelbman v. Second Natl. Bank of Warren.* (1984), 9 Ohio St.3d 77, 78, 9 OBR 280, 281, 458 N.E.2d 1262, 1263; *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Potter* (1925), 113 Ohio St. 591, 150 N.E. 44; 2 Restatement of the Law 2d, Torts (1965) 122, Section 315. Thus, liability in negligence will not lie in the absence of a special duty owed by particular defendant. *Hill v. Sonitrol of Southwestern Ohio, Inc.* (1988), 36 Ohio St.3d 36, 38, 521 N.E.2d 780, 782."

The court finds no special relationship between Robarge and Johnston that would impose a duty on MCO to have controlled Robarge.

Even assuming that MCO had some duty to protect Johnston from injuries caused to him by Robarge's intentionally committing suicide, it follows that this court does not find any breach of duty. Certainly, while Johnston was a cause of Robarge's death, the death was the proximate result of Robarge's intentionally stepping in front of Johnston's van and was not due to Johnston's negligence or the negligence of MCO. Neither plaintiff nor defendant should feel any guilt because of this regrettable and tragic circumstance.

It follows that judgment shall be rendered for defendant and against plaintiff.

*Judgment for defendant.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.