DECISION AND JUDGMENT ENTRY
{¶ 1} Glenna Penix appeals the summary judgment awarded to Lori Knipp by the Lawrence County Court of Common Pleas. Penix first argues that the trial court erred in granting summary judgment on her premises liability claim because a genuine issue of material fact remains as to whether Knipp violated a duty owed to Penix. Because we find a genuine issue of material fact remains, we agree. Penix next argues that the trial court erred in granting summary judgment because a genuine issue of material fact remains as to whether Knipp owed Penix a duty based upon a special relationship. Because we find that Knipp was entitled to judgment as a matter of law on this claim, we disagree. Penix also argues that the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether Knipp was engaged in an absolute nuisance. Because we find that Knipp was entitled to judgment as a matter of law on this claim, we disagree. Finally, Penix argues that the trial court erred in granting a summary judgment because she was entitled to a jury trial. Because we find that the trial court improperly granted summary judgment on her premises liability claim, we agree as to that claim; however, because we find that the trial court properly granted summary judgment on her remaining claims, we disagree as to the remainder of her claims.
 {¶ 2} Knipp argues that the trial court properly granted summary judgment because she was entitled to immunity under R.C. 1533.181. Because Knipp waived this argument for purposes of this appeal by failing to raise this argument in the trial court, we do not reach the merits of her argument.
 {¶ 3} Accordingly, we affirm in part, reverse in part, and remand the judgment of the trial court for further proceedings.
 I. {¶ 4} In June 2001, Glenna Penix filed a complaint with a jury demand against Keith Boyles, Jeannine Dugeon,[1] and Lori Dugeon, n.k.a. Lori Knipp. In it, she alleged that the defendants created an unsafe condition that resulted in injury to her. She claimed that Boyles negligently placed a beer bottle, which he had filled with gasoline, into a fire pit located on property at Lawco Lake owned by Dugeon and leased by Knipp. The gasoline ignited, discharged from the bottle onto Penix's body, and caused serious injury.
 {¶ 5} In March 2002, Dugeon and Knipp moved for summary judgment. They paraphrased Penix's three claims against them as: (1) negligent failure to control, (2) negligent entrustment, and (3) premises liability.
 {¶ 6} They filed Penix's deposition in support of their motion. In her deposition, Penix testified that after Boyles picked up a beer bottle and tossed it into the fire pit, she "made a comment to him that he shouldn't throw bottles into the fire because you don't really know what will happen. He commented that there was nothing in it." Later in her deposition, Penix added that Boyles said that the bottle would probably just shatter. She explained that "we weren't concerned about it." According to Penix, several minutes later "all of a sudden, flames shot out of the bottle towards me."
 {¶ 7} On April 19, 2002, Penix voluntarily dismissed her claims against Jeannine Dudgeon pursuant to Civ.R. 41(a)(1). Also on that day, Penix filed her memorandum contra summary judgment, which she supported with Knipp's deposition.
 {¶ 8} In her deposition, Knipp swore that before the incident at issue, she had never seen Boyles act in an irresponsible way when she had been around him. She admitted that she and Boyles were dating at the time of the incident. According to Knipp, on the day of the incident, she went to the cabin at Lawco Lake with Penix, Boyles and Harold Hamilton and spent the day on the water, boating and fishing. She explained that Boyles had been using a red plastic cup to add gasoline to the fire to keep it burning because the wood in the fire was wet. Knipp heard no one express concern over this activity. According to Knipp, everyone knew that Boyles was using gasoline to keep the fire going. Hamilton and Boyles continued to "play" in the fire by melting a glass beer bottle. Then Boyles put another beer bottle into the fire. As soon as Penix asked, "that's not going to blow up, is it?" the bottle shot flames out on her. Knipp admitted that she knew there was gasoline in the bottle.
 {¶ 9} On April 30, 2002, Knipp filed her reply to Penix's memorandum contra.
 {¶ 10} On May 3, 2002, Penix filed a "reply regarding defendants' motion for summary judgment." In this reply, Penix raised her claim of nuisance for the first time. Attached was an affidavit signed by Penix. In this affidavit, Penix swore that she learned the identity of the substance in the beer bottle only after the incident at issue. In May 2002, the trial court granted summary judgment to Knipp.
 {¶ 11} On May 16, 2002, the trial court entered a final appealable order finding that: (1) Penix had dismissed her complaint against Dugeon; (2) it had already granted summary judgment to Knipp; and (3) based upon the hearing it had held, Boyles was negligent and Penix was injured as a result of such negligence. The trial court also entered a $475,000 judgment against Boyles.
 {¶ 12} Penix appeals and asserts the following assignments of error: I. "The trial court erred in granting [Knipp's] motion for summary judgment because there is an issue of material fact as to whether [Knipp] negligently violated a duty owed to [Penix]." II. "The trial court erred in granting [Knipp's] motion for summary judgment because there is an issue of material fact as to whether [Knipp] owed a duty to [Penix] due to a special relationship which existed." III. "The trial court erred in granting [Knipp's] motion for summary judgment because the activity [Knipp] was engaged in constitutes an absolute nuisance for which [she] is strictly liable." IV. "The trial court erred in granting [Knipp's] motion for summary judgment because [Penix] was entitled to a trial by jury."
 {¶ 13} Knipp assigns the following error pursuant to R.C. 2505.22: "Summary judgment in favor of [Knipp] should be affirmed because pursuant to Ohio Revised Code § 1533.181, [Knipp] is immune to suit by [Penix]."
 II. {¶ 14} Summary judgment is appropriate only when it has been established that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
 {¶ 15} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresherv. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115. However, once the movant supports its motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111; Dresher, at 294-95.
 {¶ 16} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 III. {¶ 17} In her first assignment of error, Penix argues that Knipp violated the duty she owed to Penix based upon her status as a social guest. Penix claims that allowing gasoline to be used to "rejuvenate" a fire does not meet the standard of ordinary care owed to her by Knipp. She further argues that once Boyles placed the beer bottle full of gasoline into the campfire, a dangerous condition on the premises existed. Because Knipp knew about the dangerous condition on her premises, Knipp was required to warn Penix of it. When she did not, she violated the duty she owed to Penix.
 {¶ 18} Whether a defendant owes a plaintiff a duty is a fundamental aspect of establishing actionable negligence. The existence of this duty is a question of law for the court to decide. Mussivand v.Davis (1989), 45 Ohio St.3d 314, 318. "[S]imply because resolution of a question of law involves a consideration of the evidence does not mean that the question of law is converted into a question of fact or that a factual issue is raised." Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 68.
 {¶ 19} "A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition."Scheibel v. Lipton (1951), 156 Ohio St. 308, at paragraph three of the syllabus.
 {¶ 20} "A host is not an insurer of the safety of a guest while upon the premises of the host and there is no implied warranty on the part of a host that the premises to which a guest is invited by him are in safe condition." Scheibel, at paragraph two of the syllabus. Furthermore, a "social host does not have a duty to maintain constant supervision of an adult guest, and generally, in the absence of a special relationship, there is no duty to act affirmatively for the protection of others." Estate of Valesquez v. Cunningham (2000), 137 Ohio App.3d 413,420, citing Mullens v. Binsky (1998) 130 Ohio App.3d 64, 71.
 {¶ 21} Here, there is no issue that Knipp invited Penix to the cabin, thus Penix was a social guest while on Knipp's property. Penix does not allege that an act of Knipp or an activity carried on by Knipp injured her. Instead, she argues that Knipp failed to warn her of a dangerous condition on the premises, the beer bottle in the fire, that Knipp knew of the danger and had reason to believe that Penix did not know of the danger.
 {¶ 22} Knipp had a duty to warn Penix of any condition of the premises that Knipp knew about and that a person of ordinary prudence and foresight in Knipp's position should reasonably consider dangerous, if Knipp had reason to believe that Penix did not know and would not have discovered the dangerous condition.
 {¶ 23} Here, Knipp admitted in her deposition that she knew that the beer bottle contained gasoline. However, an issue of fact remains as to whether Knipp had reason to believe that Penix did not know of the dangerousness of the situation. Although Knipp testified in her deposition that they all knew there was gasoline in the bottle, Penix testified that Boyles told her in front of Knipp that there was nothing in the bottle. Additionally, an issue of fact remains as to whether Knipp had sufficient opportunity to inform Penix of the dangerous condition. Although Knipp testified that the bottle exploded immediately after Boyles put it into the fire and Penix asked about it, Penix testified that several minutes elapsed before the bottle exploded.
 {¶ 24} Knipp argues that the bottle in the fire is not a condition of the premises. She points out that typical issues in the cases cited by Scheibel concerned defects in the real property or fixtures on the real property, and concludes that only these types of premises defects are included in the "conditions of the premises" language of Scheibel.
However, Knipp provides no other legal authority to support this contention and our research has found nothing on this exact issue.
 {¶ 25} In DiGildo v. Caponi (1969), 18 Ohio St.2d 125, 129, an appeal of a jury's verdict against a social host, the Ohio Supreme Court stated:
"Moreover, under Scheibel, supra, the defendant's failure to warn the children to stay away from the parked car could properly have been the basis for the jury's finding. The fact of plaintiff's infancy and inability to appreciate the danger of an automobile parked on an incline is a circumstance in deciding whether one of ordinary foresight would consider the parked car a dangerous condition, giving rise to a duty to warn the plaintiff. Under the circumstances, it cannot be said, as a matter of law, either that such condition was not dangerous or that the defendant had no duty to warn the plaintiff of the condition."
 {¶ 26} We see no difference between the "condition" created by Boyles placing the beer bottle full of gasoline into the fire and the "condition" created by Caponi by parking his car on an incline. Thus, we reject Knipp's argument that, as a matter of law, the beer bottle full of gasoline in the fire cannot be a condition of the premises.
 {¶ 27} Thus, we find that the trial court erred in granting the summary judgment, because a genuine issue of material fact remains as to whether Knipp had reason to believe that Penix did not know of the dangerousness of the situation created by Boyles placing the beer bottle full of gasoline in the fire. Accordingly, we sustain Penix's first assignment of error.
 IV. {¶ 28} In her second assignment of error, Penix argues that the trial court erred in granting summary judgment because a genuine issue of material fact remains as to whether Knipp owed her a duty because of a special relationship.
 {¶ 29} Knipp argues that Penix waived this argument because she did not raise it in her complaint. We disagree because Knipp made this argument in her May 3, 2002 "reply regarding defendants' motion for summary judgment." Knipp did not object to the filing of or move to strike this out-of-rule motion, and thus has waived any objection to its contents.
 {¶ 30} Generally "there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control * * *."Federal Steel Wire Corp. v. Ruhlin Constr. Corp (1989),45 Ohio St.3d 171,173, citing Littleton v. Good Samaritan Hosp. Health Center (1988), 39 Ohio St.3d 86, 92; Gelbman v. Second Natl. Bankof Warren (1984), 9 Ohio St.3d 77, 78; Cleveland, Cincinnati, Chicago St. Louis Ry. Co. v. Potter (1925), 113 Ohio St. 591; Restatement of the Law 2d, Torts (1965) 122, Section 315. "Thus, liability in negligence will not lie in the absence of a special duty owed by a particular defendant." Federal Steel citing Hill v. Sonitrol ofSouthwestern Ohio, Inc. (1988), 36 Ohio St.3d 36, 38; Gelbman, supra; see, also, Feldman v. Howard (1969), 10 Ohio St.2d 189, 193; Kauffman v.First-Central Trust Co. (1949), 151 Ohio St. 298, 306; Baier v. ClevelandRy. Co. (1937), 132 Ohio St. 388, 391. One example of such a special relationship is a landowner allowing another to use land in his or her possession. See Restatement of the Law, 2d. Torts Section 318 (1965) (adopted by the Ohio Supreme Court in Gelbman v. Second Natl. Bank ofWarren (1984), 9 Ohio St.3d 77, 79); Stoker v. Saxbe (Feb. 13, 1992), Cuyahoga App. No. 59793, unreported; Wuertz v. Soltis (Sept. 18, 1997), Cuyahoga App. No. 71309, unreported.
 {¶ 31} Section 318 provides "If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor (a) knows or has reason to know that he has the ability to control the third person, and (b) knows or should know of the necessity and opportunity for exercising such control."
 {¶ 32} Here, we focus on whether Knipp knew or had reason to know that she had the ability to control Boyles. Penix argues that Knipp had this control by the mere presence of Boyles on Knipp's property and the fact that Boyles and Knipp were dating at the time of the incident. We reject Penix's argument that Knipp ipso facto had control of Boyles because she allowed him on her property. If that were the case, there would be no reason for subsection (a) in Section 318; rather, the mere status of the parties as landowner and invitee would require the landowner to control persons invited onto the property.
 {¶ 33} We also reject Penix's argument that Knipp had control over Boyles because of their dating relationship. Penix provides no legal authority for her assertion that people who are dating each other have the ability or the legal obligation to control each other and such a blanket assertion defies common sense. Thus, there is no genuine issue of material fact as to whether Knipp knew or had reason to know that she had the ability to control Boyles. Accordingly, Knipp was entitled to judgment as a matter of law on this claim and we overrule Penix's second assignment of error.
 V. {¶ 34} In her third assignment of error, Penix argues that the trial court erred in entering summary judgment. She asserts that genuine issues of material fact remain as to whether Knipp is liable under a theory of absolute nuisance because (1) Knipp allowed Boyles to rejuvenate the fire with gasoline, which is an inherently dangerous activity, and (2) the gasoline, which is an extremely flammable substance and possesses unusual hazards, escaped from the beer bottle.
 {¶ 35} "Absolute nuisance, for which strict liability or liability without fault is imposed by law, may be defined as a distinct civil wrong arising or resulting from * * * the unlawfully doing of anything or the permitting of anything under one's control or direction to be done, which results in injury to another; or the collecting and keeping on one's premises anything inherently dangerous or likely to do mischief, if it escapes, which, escaping, injuries another in the enjoyment of his legal rights." Taylor v. City of Cincinnati (1944), 143 Ohio St. 426, paragraph two of the syllabus, reversed on other grounds by Licause v. Canton
(1989) 42 Ohio St.3d 109.
 {¶ 36} Here, Penix argues that Knipp's conduct did not constitute an absolute nuisance, but that her acquiescence in Boyles' activity and her failure to control Boyles' inherently dangerous activity did. We have previously determined that there is no genuine issue of material fact as to whether Knipp had a duty to control Boyles' behavior. Penix also argues that Knipp is liable because she maintained a hazardous condition on her property by mixing gasoline with fire. There is no Civ.R. 56 evidence that Knipp collected or kept the gasoline on her property, a required element of absolute nuisance. Therefore, we find that Knipp is entitled to judgment as a matter of law on Penix's absolute nuisance claim. Accordingly, the trial court did not err in granting summary judgment on this claim.
 VI. {¶ 37} In her final assignment of error, Penix argues that the trial court violated her right to a jury trial by granting summary judgment.
 {¶ 38} A person's constitutional right to a jury trial is not abridged by the proper granting of a motion for summary judgment. Houkv. Ross (1973), 34 Ohio St.2d 77, 83-84; Tschantz v. Ferguson (1994),97 Ohio App.3d 693, 714.
 {¶ 39} Because we find that the trial court improperly granted summary judgment to Knipp on her premises liability claim, Penix was denied her right to a jury trial on that claim. Because we find that the trial court properly granted summary judgment on her remaining claims, Penix was not denied her right to a jury trial on those claims. Accordingly, we sustain in part and overrule in part her fourth assignment of error.
 VII. {¶ 40} In her only assignment of error, Knipp argues that the trial court did not err in granting summary judgment because she is immune from suit pursuant to R.C. 1533.181. Knipp did not make this argument to the trial court; therefore, she has waived the argument for purposes of this appeal. Stores Realty v. Cleveland (1975),41 Ohio St.2d 41, 43; Lippy v. Society Natl. Bank (1993),88 Ohio App.3d 33. We expressly make no determination as to whether she can raise this argument on remand. Accordingly, we overrule Knipp's only assignment of error.
 VIII. {¶ 41} In sum, we sustain Penix's first assignment of error and that part of her fourth assignment of error dealing with her premises liability claim, overrule the remainder of her assignments of error, and overrule Knipp's only assignment of error. Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand this case for proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment and Opinion in part and Dissents with Dissenting Opinion in part.
[1] Dugeon is Knipp's mother and the owner of the property at issue. Knipp holds a long-term lease of the property.