OPINION
{¶ 1} Plaintiff-appellant, Paul J. Rosell, appeals from a judgment of the Butler County Common Pleas Court rendered in favor of defendants-appellees, Joseph H. Wolf and Moraine Materials, with respect to appellant's intentional tort and negligence action against appellees.
 {¶ 2} In July of 2000, Wolf was employed by Moraine at its facility on Germantown Road, in Butler County, Ohio. There were several abandoned gravel pits on the facility. One of Wolf's job responsibilities was to patrol Moraine's property, "locating, identifying and reporting" any persons who were on the premises without permission.
 {¶ 3} On July 18, 2000, Wolf was patrolling Moraine's property in his pickup truck when he spotted two men, later identified as appellant and Jeffrey Lawwill, fishing at a pond on the premises. Appellant and Lawwill climbed onto Lawwill's allterrain vehicle ("ATV"), with Lawwill driving and appellant riding on back. Wolf began following Lawwill and appellant to see which way they were going so that he could relay that information to the sheriff's office. The ATV came to a stop, approximately 15 to 20 feet ahead of Wolf. Wolf was unable to stop his truck before hitting the ATV from behind. Neither appellant nor Lawwill was knocked off the ATV by the force of the impact.
 {¶ 4} Wolf estimated that he was traveling approximately one to two miles per hour when he hit the ATV from behind. However, appellant and Lawwill later testified that Wolf "revved" his engine before hitting them from behind. When Wolf got out of his truck, he pulled out a 22-caliber revolver and held it down to his side. Appellant and Lawwill encouraged him to put the revolver away, telling him that it was not needed. Wolf put the revolver away. Lawwill told Wolf that he was going to sue him.
 {¶ 5} Deputy Ken Hall of the Butler County Sheriff's Office was called to the scene. Hall had dealt with Wolf on previous occasions involving other trespassers at the Moraine facility. Hall also knew Lawwill from having gone to school with him, and having trained and worked with him on fire and life squads. Hall did not know appellant. Hall detected "a strong odor of an alcoholic beverage about [Wolf]," who had told him that he had been drinking. Wolf later acknowledged at trial that he had two beers before encountering appellant and Lawwill on the evening in question. Hall also observed tire marks at the scene that indicated Wolf had accelerated his pickup truck prior to the impact with the ATV.
 {¶ 6} In July of 2001, appellant filed suit against appellees, alleging, among other things, intentional tort and negligence. In July of 2003, a jury trial was held on appellant's claims. Over appellant's objections, the trial court refused to instruct the jury that appellees owed him the duty of ordinary care, and, instead, instructed them that "an owner of property owes a duty to a trespasser to refrain from willful, wanton or reckless conduct which is likely to injure him." The jury returned a verdict in appellees' favor.
 {¶ 7} Appellant now appeals, raising the following assignment of error:
 {¶ 8} "The trial court erred in granting judgment in favor of the appellee and against the appellant, based upon a verdict after an erroneous instruction as to the burden of proof."
 {¶ 9} Appellant presents five arguments under this assignment of error. In the first two, he essentially argues that the trial court erred by instructing the jury that appellees owed him only the duty to refrain from "willful and wanton" misconduct in dealing with him, since he was a trespasser. He asserts that the trial court should have instructed the jury that appellees owed him the duty of ordinary care since they knew he was on the premises. We agree with this argument.
 {¶ 10} The scope of the legal duty that a landowner owes to a person who enters upon his land is defined by whether the entrant is an invitee, licensee or trespasser. Gladon v. GreaterCleveland Regional Transit Auth., 75 Ohio St.3d 312, 315,1996-Ohio-137. An invitee is one "who rightfully come[s] upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." Id. A licensee is one "who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation * * *." (Emphasis sic.) Light v. Ohio Univ. (1986),28 Ohio St.3d 66, 68. A trespasser is one who "goes upon the private premises of another without invitation or inducement, express or implied, but purely for his own purposes or convenience; and where no mutuality of interest exists between him and the owner or occupant." Allstate Fire Ins. Co. v.Singler (1968), 14 Ohio St.2d 27, 29, quoting Keesecker v. G.M.McKelvey Co. (1943), 141 Ohio St. 162, 166.
 {¶ 11} "A landowner owes a duty to an invitee to exercise ordinary care for the invitee's safety and protection." Gladon,75 Ohio St.3d at 317, citing Light, 28 Ohio St.3d at 68. Generally, a landowner owes no duty to a licensee or trespasser except to refrain from willful, wanton or reckless conduct that is likely to injure him. See Gladon, citing Soles v. OhioEdison Co. (1945), 144 Ohio St. 373, paragraph one of the syllabus. However, the law in this state recognizes a distinction between undiscovered and discovered trespassers. "If one is an undiscovered trespasser, the landowner has a duty to refrain from willful or wanton misconduct." Tudor v. Cincinnati (1998),130 Ohio App.3d 805, 810. But if one is a discovered trespasser, i.e., a person who the landowner knew or should have known was on his land, the landowner owes him the higher duty of ordinary care. Id.; Gladon, 75 Ohio St.3d at 317-318; Phillips v.Dayton Power Light Co. (1994), 93 Ohio App.3d 111, 117. See, also, Maple v. Tennessee Gas Transmission Co. (App. 1963), 94 Ohio Law Abs. 398, 400 ("The duty not to injure a trespasser after he is known to be upon the premises is the same duty as is owed in that respect to an invitee").
 {¶ 12} In this case, it is apparent that Wolf, who was acting as an agent for Moraine Materials, knew that appellant was on the land at the time Wolf drove up to him. Therefore, appellant was a discovered trespasser, and Moraine Materials and its agents like Wolf were obligated to use ordinary care in dealing with him, just as if appellant had been an invitee. See Maple, 94 Ohio Law Abs. at 400, and Gladon, 75 Ohio St.3d at 317-318. Consequently, the trial court erred in instructing the jury that appellees were required only to refrain from willful, wanton or reckless conduct that was likely to cause injury.
 {¶ 13} In his third argument, appellant asserts that appellees should have been judicially estopped from arguing that the standard of ordinary care did not apply in this case since they had argued earlier in the proceedings that it did. In his fourth argument, appellant argues that the jury's verdict in favor of appellees was against the manifest weight of the evidence. These arguments have been rendered moot in light of our disposition of appellant's first two arguments. See App.R. 12(A)(1)(c).
 {¶ 14} Finally, appellant argues that the evidence presented on the issue of whether appellees were negligent was so overwhelmingly in his favor that this court should "direct a verdict" in his favor on the issue of appellees' liability for negligence and remand the matter purely for a determination of the damages he suffered. We disagree with this argument. In light of the evidence presented in this case, reasonable minds could differ on whether or not appellees used ordinary care in dealing with appellant, who, all agree, was unlawfully trespassing on Moraine Material's property when this incident occurred.
 {¶ 15} Appellant's sole assignment of error is sustained in part and overruled in part.
 {¶ 16} The trial court's judgment is reversed, and this cause is remanded for a new trial.
Young, P.J., and Walsh, J., concur.